CLAYTEE BRAZIER, APPELLANT, V. LOWELL D. ENGLISH,
APPELLEE.

131 N. W. 2d 601

Filed December 4, 1964. No. 35736.

Shrout, Hanley & Foley, for appellant.

Gross, Welch, Vinardi, Kauffman, Schatz & MacKenzie, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, and BROWER, JJ., and DIERKS, District Judge.

SPENCER, J.

This action was brought in the district court for Douglas County by Claytee Brazier, plaintiff and appellant, hereinafter referred to as plaintiff, against Lowell D. English, defendant and appellee, hereinafter referred to as defendant, for damages alleged to have been sustained in a rear-end collision. The case was submitted to the jury on the issue of the alleged negligence and contributory negligence of the parties. The jury returned a verdict for the defendant on the plaintiff's petition,

and for the plaintiff on defendant's cross-petition. Plaintiff has perfected an appeal to this court.

The collision in question occurred at the intersection of Twenty-fourth and Franklin Streets in the city of Omaha, Nebraska, sometime between 7:15 and 7:30 a. m., on June 6, 1961. It had rained earlier that morning, but at the time of the accident the sky was clear although the street was wet. The facts are in considerable conflict on many points, but for the purposes of this opinion it is necessary to only briefly sketch the differing versions. Plaintiff testified that he drove west on Clark Street to Twenty-fourth Street, where Clark Street forms a "T" intersection with Twenty-fourth Street, Clark Street not being cut through to the west. Plaintiff stopped at the stop sign, looked both ways, and observed a car which he believed to be the defendants, 3½ blocks north on Twenty-fourth Street. He executed his turn to the south into the west or curb lane, put on his directional turn signal, and approached the intersection of Franklin Street, which other evidence indicates is 160 feet south of Clark Street. He did not observe the defendant's car after he turned onto Twenty-fourth Street.

Plaintiff further testified that when he reached the intersection of Franklin Street and Twenty-fourth Street, he started to turn into Franklin Street, but was stopped by a pedestrian using the crosswalk. Two pedestrians crossed in front of his car from the north to the south, and while he was waiting for a pedestrian coming from the south, the right rear of his car was struck by the defendant's vehicle. It was his testimony that when he stopped his car it was pointing southwest, with the rear half in Twenty-fourth Street. After the impact, his car was pointing north and was in Franklin Street. Plaintiff testified he was thrown from the right side of his car by the impact, and that his right shoulder hit the curb.

It was the defendant's testimony that his car was in

the west or curb lane, about three car lengths from Clark Street on Twenty-fourth Street when the plaintiff turned south off Clark Street and pulled into the left lane, or the one nearest the centerline.

Defendant testified that he was driving 20 to 25 miles per hour, and estimated the plaintiff's speed to have been about the same. He testified that when the plaintiff was about 40 feet from Franklin Street, he changed lanes, driving in front of and about two car lengths ahead of the defendant. When the plaintiff reached Franklin Street, he started to turn right and then made a sudden stop. Defendant had no chance to do anything but attempt to stop, which he did, and was able to slow his vehicle to 5 miles per hour by the time it slid into the rear of the plaintiff's vehicle.

Defendant testified that after the impact, the plaintiff was still behind the steering wheel of his vehicle, and that he got out of it on the left, or the driver's side. It was his testimony that the plaintiff at no time gave a signal of any nature, either by use of his directional signals or by hand, of his intention to turn or stop. Defendant further testified that as soon as the plaintiff alighted from his car, defendant asked him why he had not given a signal for his turn, and got no response.

The photos in evidence and the defendant's testimony indicate that there was no damage to plaintiff's automobile. Plaintiff suggests this was so because the defendant's vehicle ran under that of the plaintiff. The testimony of the patrolman, who investigated the collision before the vehicles were moved, was that plaintiff's vehicle was still facing southwest after the impact and the defendant's vehicle was to the rear and was not under plaintiff's vehicle. It was also the patrolman's testimony that the plaintiff said he sustained no injuries, and further plaintiff did not mention being thrown from his vehicle in his version of the accident.

Plaintiff assigns as error the submission of the issue

of contributory negligence, and the giving of instructions Nos. 13, 15, and 17.

Generally, it is negligence as a matter of law for a motorist to drive a motor vehicle on a highway in such manner that he cannot stop in time to avoid a collision with an object within the range of his vision. Schwartz v. Hibdon, 174 Neb. 129, 116 N. W. 2d 187. Plaintiff urges the rule, but does not argue its specific applicability to the facts in this case.

Assuming the defendant was guilty of some negligence, as the jury must have found when it returned a verdict for the plaintiff on the defendant's cross-petition, that fact does not preclude the jury, on the evidence adduced, from also finding the plaintiff guilty of contributory negligence. It is only when the evidence is undisputed, or but one reasonable inference or conclusion could be drawn from the evidence, that the question is one of law for the court. Where, as here, from the testimony before the jury, different minds may draw different conclusions or inferences, or where there is a conflict in the evidence, the matter at issue must be submitted to the jury. See Fulcher v. Ike, 142 Neb. 418, 6 N. W. 2d 610. It is apparent that there was sufficient evidence from which the jury could find negligence upon the part of the plaintiff which was the proximate cause of the collision. Contributory negligence was therefore one of the issues to be submitted to the jury.

Plaintiff's remaining assignments of error are that he was prejudiced by the giving of instructions Nos. 13, 15, and 17. Instruction No. 13 covers the duty of a driver turning from a direct course at an intersection, or changing from one lane to another. Plaintiff concedes that the instruction was a correct statement of the law, but asserts that it has no applicability to the facts in this case. It is apparent that the plaintiff is ignoring the testimony of the defendant and the theory of the defense which requires the giving of instruction No. 13.

Instruction No. 15, as plaintiff admits, is a standard emergency instruction, while instruction No. 17 is an instruction on comparative negligence. Both instructions are appropriate and proper instructions where applicable. Plaintiff does not attack them as incorrect statements of the law, but urges their inapplicability to the facts herein.

In Stanley v. Ebmeier, 166 Neb. 716, 90 N. W. 2d 290, we said: "The doctrine of sudden emergency may not be successfully invoked by a litigant unless there is evidence that such an emergency existed, that the party seeking the benefit of the doctrine did not cause the emergency, and that he used due care to avoid it."

Under the evidence adduced, the jury could find that the plaintiff cut over to defendant's lane of traffic, started a right turn without signaling an intention to do so, and then suddenly and without warning stopped his vehicle so that the rear end was directly in front of defendant's vehicle. This would raise the issue of sudden emergency. It would also raise the issue of contributory negligence, and, as heretofore suggested, under all of the evidence adduced would require an instruction on comparative negligence.

We determine that all of the instructions challenged were appropriate and proper instructions herein, and that the plaintiff's assignments are without merit. Under the facts and circumstances of this case, we hold that the issues of the defendant's negligence and the plaintiff's contributory negligence were properly submitted to the jury, and that the verdict rendered is sustained by the evidence.

For the reasons given, we conclude that the judgment should be and hereby is affirmed.

AFFIRMED.