WAYNE T. SACHER, APPELLANT, v. LARRY A. PETERSEN, APPELLEE.

167 N. W. 2d 384

Filed April 18, 1969. No. 37105.

Schrempp, Rosenthal, McLane & Bruckner and James R. Welsh, for appellant.

Gross, Welch, Vinardi, Kauffman, Schatz & Day, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, SMITH, McCOWN, and NEWTON, JJ., and KOKJER, District Judge.

McCOWN, J.

This is an action to recover for personal injuries and property damage allegedly resulting from an automobile accident. The jury verdict was for the defendant, and the plaintiff has appealed.

On August 24, 1964, at 4 p.m., a dry, clear day, the plaintiff, Wayne T. Sacher, was traveling south on Seventy-second Street in Omaha, Nebraska. There were four lanes of traffic, two southbound and two northbound. The plaintiff, in his small Goliath automobile, was proceeding south in the traffic lane next to the centerline. The defendant, Larry A. Petersen, in his standard size Chrysler, was following the plaintiff's vehicle in the the same traffic lane and approximately three car-lengths behind. The vehicles were proceeding at a speed of 25 to 30 miles per hour down a slight grade extending for several blocks. The defendant had been following the plaintiff for some distance.

When the cars were approximately 200 feet north of Burt Street, and at a point where there was no intersection near, the plaintiff's car suddenly stopped. The defendant put on his brakes and attempted to stop, but before he had completely stopped, he bumped the rear of plaintiff's vehicle. There was some traffic in the other southbound lane and in the northbound lanes.

There is a conflict in the evidence as to the force of

the bump. The plaintiff testified that the impact knocked his vehicle 10 feet forward, while the defendant testified it moved a few inches. There was no damage of any kind to the defendant's automobile, and the repair estimate for the plaintiff's vehicle was $78.70. The plaintiff did not give a signal of any kind and had not looked to see if there was any traffic behind. He did testify that his brake lights were working, but the defendant testified that he did not see any hand signal or brake lights, and that he had no warning of any kind that plaintiff was going to make an abrupt stop.

The evidence is also in direct conflict as to the reason for plaintiff's sudden stop. Plaintiff testified that a car ahead of him stopped, but that it went on again after the accident. According to the plaintiff, that car made a "very slow stop, a gradual stop, and I just stopped behind it." The defendant testified that just before the accident occurred, he saw no car immediately ahead of the plaintiff's automobile, and that there was nothing about the plaintiff's car or about the visibility that would have precluded the defendant from seeing a car immediately ahead of plaintiff's car if there had been one there.

Plaintiff's assignments of error are solely that the court erred in submitting to the jury the question of plaintiff's contributory negligence, and erred in instructing the jury on the issue of plaintiff's negligence and contributory negligence. There is no assignment of error nor issue raised as to the form of the instructions given.

It appears to be plaintiff's contention that the driver of a motor vehicle who stops his car on the street in moving traffic without giving any signal of any kind, as a matter of law, cannot be guilty of negligence or contributory negligence, where his vehicle is struck by another vehicle approaching from the rear. We cannot agree.

The court quite properly instructed the jury that it is the law of Nebraska that no person shall stop or

suddenly decrease the speed of a vehicle without first giving an appropriate signal to the driver of any vehicle immediately to the rear when there is an opportunity to give such signal, and also instructed the jury as to an ordinance of the City of Omaha providing that: "A driver of any vehicle before stopping, decreasing speed, changing lanes, or turning such vehicle from the direct course upon a street or highway, shall first see that such action can be taken with reasonable safety and, if any pedestrian or vehicle may be affected by such movement, shall give an appropriate signal * * *."

O'Brien v. J. I. Case Co., 140 Neb. 847, 2 N. W. 2d 107, involved a rear-end collision. This court said: "Whether or not the proper signals were given and whether or not the driver of either car, under the circumstances, was negligent are, ordinarily, jury questions. * * * The driver of an automobile following another, while he must obey the law, * * * is not bound to anticipate that the driver of the car ahead is going to come to a sudden and abrupt stop for the purpose of picking up hitchhikers."

We think it also should be for the jury to determine, under the circumstances here, whether the defendant was bound to anticipate that the driver of the car ahead, in the inside lane of moving city traffic, between intersections, is going to come to a sudden and abrupt stop without signaling, if there is no reasonable or apparent cause for doing so.

Brazier v. English, 177 Neb. 889, 131 N. W. 2d 601, also involved a rear-end collision. In that case we said: "Assuming the defendant was guilty of some negligence * * * that fact does not preclude the jury, on the evidence adduced, from also finding the plaintiff guilty of contributory negligence. It is only when the evidence is undisputed, or but one reasonable inference or conclusion could be drawn from the evidence, that the question is one of law for the court. Where, as here, from the testimony before the jury, different minds may draw different conclusions or inferences, or where there

is a conflict in the evidence, the matter at issue must be submitted to the jury."

The plaintiff's position is that we must accept, as established fact, the plaintiff's testimony that an automobile immediately ahead of him stopped, and that he stopped behind it, and argues that this fact relieved him of any responsibility. This requires that we ignore the defendant's testimony that he saw no vehicle immediately ahead of plaintiff's automobile, and there was nothing to preclude the defendant from seeing such a car if there had been one. It also requires that we accept plaintiff's own testimony that the car ahead of him made a very slow, gradual stop, as opposed to defendant's testimony that plaintiff made a sudden, abrupt stop without a signal. The jury was not required to accept plaintiff's testimony that there was a car which stopped immediately in front of him any more than it was required to accept the circumstantial evidence of the defendant that he saw none. The admitted failure of the plaintiff to keep any lookout to the rear, coupled with the lack of signal, add weight to the conclusion that the issues were for the jury.

There was sufficient evidence from which the jury could find negligence upon the part of the plaintiff which was the proximate cause of the collision. Contributory negligence was, therefore, one of the issues to be submitted to the jury. It was properly submitted, and the judgment is affirmed.

AFFIRMED.