DEBRA SUE MAURER, APPELLANT, V.
JAMES F. HARPER ET AL., APPELLEES.

300 N.W.2d 191

Filed January 9, 1981.   No. 43133.

Frank Meares for appellant.

Ray C. Simmons for appellee Harper.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

PER CURIAM.

This is an appeal from a jury verdict in favor of defendant James F. Harper. Plaintiff appeals, assigning as error: (1) The court instructed the jury on sudden emergency; (2) The issue of contributory negligence of plaintiff was submitted to the jury;

(3) The court failed to direct a verdict in favor of the plaintiff and against the defendant Harper; and (4) The court granted a summary judgment dismissing the defendant Stephan John Dlouhy. We affirm.

Plaintiff brought this action for damages and personal injuries arising from an automobile collision on July 23, 1978. Plaintiff and both defendants were all traveling west on Interstate 80, west of 42nd Street, Douglas County, Omaha, Nebraska. According to the version of the facts most supportive of the defendant Harper's version, plaintiff and both defendants were traveling in the southernmost lane, or fast lane, when a car traveling in front of Harper's car abruptly switched lanes, revealing plaintiff's stopped car. Plaintiff's car was struck from the rear by defendant Harper. Plaintiff's car was propelled into the median where plaintiff was struck by defendant Dlouhy.

Prior to trial, defendant Dlouhy moved the court for a summary judgment, which was granted on November 2, 1979. The order was not appealed. The cause proceeded to trial, resulting in a verdict for defendant Harper. In response to a motion by defendant Dlouhy, this court dismissed the appeal as to him for want of jurisdiction. The appeal then concerns itself with the three assignments relating to defendant Harper.

Was the defendant Harper negligent as a matter of law? We have said: "Generally it is negligence as a matter of law for a motorist to drive an automobile on the highway in such a manner that he is unable to stop in time to avoid a collision with an object within his range of vision." *Duling v. Berryman*, 193 Neb. 409, 411, 227 N.W.2d 584, 586 (1975). The evidence produced at trial sharply conflicted as to whether plaintiff had stopped her car or was driving slowly, and whether plaintiff's car was masked from defendant Harper's view by another car until shortly before defendant Harper struck plaintiff. Plaintiff

urges that defendant was negligent as a matter of law and that the issue should not have been submitted to the jury. "The applicability of the rule, as a matter of law, depends on the individual circumstances and is for the court's determination. Where an exception clearly applies, the general rule does not apply. Where the general rule does not apply as a matter of law, the determination of negligence is for the jury under the rules and standards of due care under the particular circumstances as applied in motor vehicle cases." *Bartosh v. Schlautman*, 181 Neb. 130, 133-34, 147 N.W.2d 492, 495 (1966). It is not "the duty or the function or the power of the District Court to decide between the directly contrasting factual theories of this accident. . . . Where the testimony is conflicting as to whether the range of vision rule is applicable or whether another factual version of how the accident occurred is supported by the evidence, then it becomes the duty of the court to submit both factual issues to the jury." *Duling v. Berryman, supra* at 411-12, 227 N.W.2d at 586.

If the jury determined the facts to be as defendant Harper claimed, that his vision of plaintiff was blocked by another car until shortly before he struck the plaintiff, the rule would not apply. In *Andelt v. County of Seward*, 157 Neb. 527, 532, 60 N.W.2d 604, 607 (1953), we held: "[The] rule presupposes 'an obstruction discernible within the range' of the driver's 'vision ahead.' Here the obstruction is not in that classification. The obstruction here was a hidden one, discernible only when a driver was almost upon it.

"If defendant's contention . . . is correct, then any motorist driving Nebraska highways would be required to maintain a rate of speed that would at all times enable him to stop in 50 to 100 feet, lest he hit a hidden defect . . . not discernible theretofore . . . . Such is not the law."

We have held in a line of cases that a following driver need not anticipate that a motorist will sud-

denly stop or slow on a highway, and where a dispute exists as to whether such a stop was made, the issue of the following driver's negligence is for the jury. *O'Brien v. J. I. Case Co.*, 140 Neb. 847, 2 N.W.2d 107 (1942); *Keiserman v. Lydon*, 153 Neb. 279, 44 N.W.2d 513 (1950); *Caster v. Moeller*, 176 Neb. 30, 125 N.W.2d 89 (1963); *Sacher v. Petersen*, 184 Neb. 305, 167 N.W.2d 384 (1969).

The defendant Harper was not negligent as a matter of law, and the court was correct in refusing to direct a verdict for plaintiff. It is also obvious that the plaintiff under the version of facts could have been found guilty of contributory negligence.

Was the defendant Harper entitled to an instruction as to sudden emergency? "'The doctrine of sudden emergency may not be successfully invoked by a litigant unless there is evidence that such an emergency existed, that the party seeking the benefit of the doctrine did not cause the emergency, and that he used due care to avoid it.'" *Brazier v. English*, 177 Neb. 889, 893, 131 N.W.2d 601, 604 (1964). In considering the evidence, the jury could have found that defendant Harper's view of plaintiff was completely blocked until shortly before he struck plaintiff and that plaintiff stopped suddenly in front of defendant Harper on a highway. The court properly submitted the issue of sudden emergency.

Plaintiff's assignments are without merit. The judgment of the District Court is affirmed.

AFFIRMED.