BETTY L. MALCOM, APPELLANT, V. DONALD P. DOX ET AL., APPELLEES.

100 N. W. 2d 538

Filed January 8, 1960. No. 34657.

*Miles N. Lee* and *Tedd C. Huston,* for appellant.

*Haney & Walsh* and *Maupin, Dent, Kay & Satterfield,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries and property damage sustained in an automobile accident. The trial court directed a verdict for the defendants at the close of plaintiff's evidence. The plaintiff has appealed.

The evidence shows that plaintiff was driving south on a county road in a pickup truck. The defendant Dox was driving a loaded gravel truck in an easterly direction on an intersecting road. At the intersection of the two roads near Cozad, Nebraska, a collision occurred. The collision happened on October 5, 1957, at about 1:45 p.m. The traveled portions of the roads were graveled. It was a bright, sunny day and the roads were dry. The graveled portions of the roads were each 18 feet wide. The collision occurred in the southeast quadrant of the graveled portion of the intersection. The driver of the gravel truck had the directional right-of-way over the driver of the pickup truck. Neither of the two roads was protected by stop signs. The plaintiff was seriously injured. The Missouri Valley Construction Company was alleged to be the employer of the defendant Dox at the time of the accident.

The evidence shows that plaintiff was driving at a speed of 40 to 45 miles an hour as she approached the intersection. At a point about 200 feet north of the intersection she looked to her right and saw nothing approaching the intersection from the west. She slowed down to 20 or 25 miles an hour. As she approached closer to the intersection she looked to her left and saw nothing approaching from the east. She again looked to the right and saw no traffic approaching from that direction. As she reached a point where the cab of her pickup truck was even with the fence line of the east-west road, and the front of her pickup truck was 24 to 29 feet north of the center of the intersection, she looked to her right again and saw the gravel truck approaching at a distance of 65 or 70 feet west of the intersection. Plaintiff testi-

fied that she immediately swerved her pickup truck to the left and increased her speed by stepping on the accelerator. She made no attempt to stop. She was hit by the defendants' truck at the southeast corner of the graveled portion of the intersection. Plaintiff's evidence is that her pickup truck had cleared the intersection except for the rear 2 or 3 feet. The evidence shows that the right front of defendants' truck hit the right rear of plaintiff's vehicle, causing it to skid for a distance of 56 feet before rolling over 4 times and coming to rest about 118 feet south of the point of impact.

The evidence shows that plaintiff was driving 20 or 25 miles an hour when she saw the defendants' truck approaching from her right. She said she looked back to watch the road ahead of her and did not look again to her right. She immediately swerved to her left and speeded up to avoid a danger that must have appeared imminent. It is apparent that plaintiff attempted to win the race across the intersection by speeding up and swerving to her left immediately after first seeing the gravel truck 65 or 70 feet away. The speed to which plaintiff accelerated her vehicle is not shown by the record other than that her pickup truck skidded more than 50 feet, rolled over 4 times, and came to rest 118 feet south of the place where the collision occurred.

The defendant approaching from the right had the directional right-of-way. Plaintiff asserted that she entered the intersection first and therefore had a superior right to that of the defendant to the use of the intersection. We are impressed with the fact that the two vehicles must have approached the intersection at approximately the same time, since a collision actually occurred without a showing of excessive speed on the part of either. This conclusion is further supported by the fact that plaintiff speeded up and swerved left immediately after seeing defendants' truck approaching from her right. She at no time attempted to stop, but elected to beat the gravel truck across the intersection.

It is the law of the road in this state that where two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left must yield the right-of-way to the vehicle on the right if it is traveling at a lawful rate of speed. The drivers of vehicles approach an intersection at approximately the same time whenever the two vehicles are in such position that, upon appraisal of all the factors, it would appear to a man of ordinary prudence approaching from the left that there is danger of collision if he fails to yield the right-of-way. One having the right-of-way, however, may not on that account proceed with disregard of surrounding circumstances and potential dangers. One having a right-of-way is not thereby relieved from the duty of exercising ordinary care to avoid accidents. Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496; Wieck v. Blessin, 165 Neb. 282, 85 N. W. 2d 628; Evans v. Messick, 158 Neb. 485, 63 N. W. 2d 491.

Assuming for the purpose of this case that the driver of the gravel truck was negligent, the plaintiff, by swerving her pickup truck to the left and accelerating its speed when she first saw defendants' truck, thereby indicating her knowledge of the imminence of danger, was guilty of negligence more than slight as a matter of law. Miller v. Aitken, 160 Neb. 97, 69 N. W. 2d 290; Whitaker v. Keogh, 144 Neb. 790, 14 N. W. 2d 596. Contributory negligence by a plaintiff which is more than slight has been repeatedly held by this court to defeat a right of recovery regardless of negligence on the part of a defendant. Where the negligence of the plaintiff is shown to be more than slight as a matter of law by the evidence adduced by the plaintiff, it is the duty of the trial court to direct a verdict for the defendant.

The plaintiff contends that the trial court erred in not permitting her to testify to the speed of the approaching gravel truck. In this respect plaintiff testified that she glanced to the right and saw the gravel truck for the first time when it was 65 or 70 feet distant, and then

gave attention to her own driving and did not look again. She later stated she could not say how far the gravel truck traveled during the time she saw it. Upon being pressed as to the time she watched the truck and the distance she saw it moving she stated she had a good look at it and "As I observed the truck, I would say he traveled probably about 10 or 15 feet, approximately. I wouldn't say for sure, I couldn't say for sure." We do not think the trial court erred in holding the foundation for plaintiff's opinion as to the speed of the gravel truck to be insufficient. The rule is: Where it appears that a witness had no opportunity to formulate a basis for an opinion as to the speed of a motor vehicle, it is error to permit him to estimate such speed. Kristufek v. Rapp, 154 Neb. 343, 47 N. W. 2d 923; Bergendahl v. Rabeler, 133 Neb. 699, 276 N. W. 673.

The plaintiff complains of the failure of the trial court to instruct the jury under the last clear chance doctrine. The doctrine has no application to such a situation as we have here. The negligence of the plaintiff in the instant case was active and continuous as a contributing factor up to the time of the collision. The doctrine of the last clear chance applies in those cases where there is negligence of the defendant subsequent to the negligence of the plaintiff and the defendant's negligence is the proximate cause of the injury. The rule, and its nonapplicability here, is made clear in Whitehouse v. Thompson, 150 Neb. 370, 34 N. W. 2d 385.

The conclusion we have reached makes it unnecessary for us to consider other assignments of error contained in plaintiff's brief. The trial court concluded from the evidence adduced by the plaintiff that the contributory negligence of the plaintiff barred a recovery of damages by her against the defendants. We concur with the trial court's conclusion. The judgment of the district court is affirmed.

AFFIRMED.