CAREN DULING, ADMINISTRATRIX OF THE ESTATE OF DALE N. DULING, DECEASED, APPELLANT, V. EDWIN F. BERRYMAN, APPELLEE.

227 N. W. 2d 584

Filed April 3, 1975. No. 39621.

Douglas McArthur, for appellant.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an appeal from a jury verdict and judgment for the defendant in a wrongful death action brought by the plaintiff as administratrix of the estate of the decedent, Dale N. Duling, arising from an automobile accident on Cornhusker Highway in Lincoln, Nebraska, in June 1970. The plaintiff contends that there was error in the admission of expert testimony, error in the submission of the issues and the instructions thereon as to negligence, and error in the submission of the sudden emergency doctrine. We affirm the judgment of the District Court.

The plaintiff contends that while the decedent's car was moving eastward at approximately 25 miles per hour in the outside lane of Cornhusker Highway the defendant's car passed on the inside lane, cut in front of the decedent's car, and stopped abruptly. The plaintiff's theory is that the actions of the defendant forced the decedent to swerve to avoid the defendant's car and, being unable to avoid collision, hit the left rear of the defendant's vehicle, ricocheted off the defendant's car, and proceeded across the median strip of the Cornhusker Highway where it was hit again by a third car which was traveling westbound on the highway.

The theories as to how the accident happened factually are directly conflicting. The defendant testified that he had been driving east on Cornhusker Highway at approximately 25 miles per hour and was in the inside lane of the highway. His testimony is that the traffic was light and that he *did not* overtake any cars prior to the time of the accident. His testimony is that one of his tires was low and he decided to change it. He

engaged his right turn signal, looked to the right and to the rear, and on seeing that the way was clear proceeded moving to the outside lane and began slowing down. As he started to slow down his vehicle was struck from the rear and knocked off the roadway by the vehicle of the plaintiff's decedent. The defendant's brother, a passenger, testified that prior to moving to the outside lane he personally looked out the passenger's side window and found no headlights or any vehicle in the outside lane. It was raining heavily on the night of the accident and evidence was introduced that the blood alcohol level of the decedent was .15 after the accident.

The plaintiff complains that the court erred in submitting the issue of negligence on the part of the plaintiff's decedent in driving an automobile on the highway in such a manner that he was unable to stop in time to avoid a collision with an object within his range of vision. As we have recited, the defendant's theory of the case and his testimony supports the proposition that he was driving properly in the outside lane of Cornhusker Highway and was slowing down at the time of the collision and that the plaintiff's decedent, coming directly from the rear, drove into the defendant's vehicle. Generally it is negligence as a matter of law for a motorist to drive an automobile on the highway in such a manner that he is unable to stop in time to avoid a collision with an object within his range of vision. Guerin v. Forburger, 161 Neb. 824, 74 N. W. 2d 870. Rain, snow, or ordinary hazards of visibility are not intervening conditions or hazards constituting an exception to the application of the rule. Murray v. Pearson Appliance Store, 155 Neb. 860, 54 N. W. 2d 250. The District Court, in submitting the instruction on the range of vision doctrine acted properly. It was not the duty or the function or the power of the District Court to decide between the directly contrasting factual theories of this accident. An examination of the instructions in this case reveals that the trial court properly instructed on

both the plaintiff's theory of the case and the defendant's theory about how the accident happened. Where the testimony is conflicting as to whether the range of vision rule is applicable or whether another factual version of how the accident occurred is supported by the evidence, then it becomes the duty of the court to submit both factual issues to the jury. Guerin v. Forburger, *supra*; Brazier v. English, 177 Neb. 889, 131 N. W. 2d 601. Instructions must be taken as a whole and so long as the law on each specific issue is correctly stated, the case fairly submitted to the jury, and the jury not misled by the instructions as a whole, prejudicial error may not be asserted. The plaintiff contends that the range of vision rule does not apply when the "cone of vision" is penetrated from the side. Again the plaintiff asks us to accept her version of the accident. We know of no authority to support such a distinction, but in any event the defendant's evidence is unequivocally to the effect that his vehicle was directly in front of the decedent's vehicle, proceeding in the same direction and in the same lane of traffic, at the time when he was struck from behind by the plaintiff's decedent. There is no merit to the plaintiff's contention.

The plaintiff next contends that there was error in the admission of the opinion testimony of the defendant's expert, Professor James W. Harper. The vehicle of the plaintiff's decedent was towed to a parking lot and examined there by Professor Harper on June 30, 1970. We have difficulty in determining precisely what the plaintiff's contention is in this respect. Giving it maximum thrust, she apparently contends that the District Court erroneously permitted the witness to testify over foundational objection that the braking system appeared to be in the same condition as when towed from the accident scene and that he was allowed to give expert opinion without sufficient factual basis.

This witness' examination of the vehicle in the parking lot included the four wheels, the action of the brake

pedal, and the right rear brake drum. Based upon this examination he gave his opinion that the parts examined were not damaged by the accident, towing, or storage. He gave detailed testimony as to the condition of the tires and the braking system on the date of his examination. He stated that the brake pedal had to be depressed at least three times in quick succession for the brake shoes to contact the brake drum; that the brake shoes were out of adjustment which necessitated the pumping action; that it was a reproducible result; and that in his opinion the condition could not be the result of the car sitting in the lot or the passage of time after the accident but before his examination. He was of the further opinion that the condition of the brake system which he found could only occur over a period of time and of sufficient use to cause the wear which he actually found.

The plaintiff's contention as to lack of foundation for this testimony is based on the statement during the expert's preliminary examination as to foundation that "the car appeared to be as it was towed from the accident site to the yard," and later on when queried as to whether he noticed any damage as occurring during the moving of the vehicle, that he stated, "I saw no evidence of this damage." The thrust of the plaintiff's argument, as we gather from her lengthy analysis, is that since it is undisputed he did not observe the vehicle before the accident of June 10, 1970; that he did not observe the accident; and that he did not observe the vehicle as it was towed from the accident site or during the 20-day period it was sitting in the lot, then his testimony is inadmissible and his opinion based thereupon should have been rejected. The answer to this proposition is two-fold: (1) Both answers, in the context of his whole testimony, are opinion answers based upon the actual examination of the particular parts of the car which he examined on June 30, 1970. It is clear that the trial court's ruling admitting this expert's

testimony was not based upon an erroneous conclusion from the unresponsive answers given, that the expert had either examined the vehicle before the accident, at the time of the accident, during the towing-in period, or at the lot during the period of time before he actually examined it. His answers, in fact, support the plaintiff's contention that he did not personally observe the vehicle during the time period inquired about, and that, therefore, if these facts were a condition precedent to giving his testimony, it would be inadmissible. Immediately following this inconclusive testimony in the record, this witness unequivocally and clearly testified as to the nature of his examination, and that the bases of the opinions he gave, hereinbefore recited, rested entirely upon his examination of June 30, 1970, and (2) the contention seems to be quite semantical, that is, that there was no sufficient foundation because the expert was trying to use his opinion to supply necessary foundational facts. Harper had not seen the precise parts he examined on June 30, 1970, at any prior date. It is true that the lack of such an examination would preclude him from testifying as to the *fact* there was no accident, towing, or storage-related damage to the braking system. Just as truly, such lack of examination does not preclude his rendering an *opinion* based upon his post-accident examination. To adopt the contention of the plaintiff, it would logically follow that an expert witness testifying as to the braking condition of an automobile after an accident could not give his opinion unless he observed the vehicle before the accident, observed the accident, and he observed the vehicle as it was being towed from the accident site, and maintained a constant surveillance of the vehicle during the period in the parking lot. Such a position is untenable.

We agree with the plaintiff's contention that under current Nebraska law an expert witness testifying from observation or personal knowledge must ordinarily disclose and testify to the facts upon which his opinion is

based. Torske v. State, 123 Neb. 161, 242 N. W. 408. In this case it is conclusive that the opinion testimony of the defendant's expert was based wholly upon his disclosed observations and examinations of the precise parts in question which he examined on June 30, 1970. The argument the plaintiff makes relates only to the weight and credibility of his testimony, and not to its competency. It is true that some, if not all, of the testimony .as to the examination by Harper and the factual basis for his opinion, came into evidence after the alleged erroneously admitted questions and answers were received into evidence. The same situation was true in Torske v. State, *supra*. In that case it was contended there was insufficient foundational testimony for medical experts to testify that the defendant was sane in a criminal case. The court stated: *"Thereafter* they were subjected to a vigorous cross-examination by the defendant *which disclosed the facts* upon which they *based* their opinion of the defendant's sanity." (Emphasis supplied.) We find no error in the admission of this testimony, but even if we did, it is clear that it was without prejudicial error to the plaintiff. Rulings on questions calling for expert testimony will not ordinarily be reversed on review unless plainly prejudicial to the rights of the complaining party. Fowler v. Bachus, 179 Neb. 558, 139 N. W. 2d 213. The contention of the plaintiff as to the. inadmissiblility of this testimony is without merit.

Lastly, the plaintiff claims error in the court's failure to limit the standard instruction on sudden emergency to only the situation confronting the decedent. The submission of, and the manner of, submitting a sudden emergency issue to a jury rests within the sound discretion of the trial judge. The difficulty with submitting an instruction applicable to only one party is that it may be prejudicial error because of constituting a comment on the evidence. It directs attention and gives special emphasis to a particular portion of the evidence

and the particular theory of one party. Sudden emergency instructions are often argued quite strongly to the jury. It requires no imagination to see the thrust of an argument in which counsel can accurately state that the trial judge is only submitting the issue of an emergency with reference to his client. It implies that there is no emergency rule applicable to the adverse party and, therefore, arguendo, that such party had the opportunity to avoid the accident. No contention is made that the court did not accurately instruct as to the sudden emergency rule. In arguing for the limitation of the instruction, the plaintiff asks us to accept unqualifiedly her version of the accident. It is true there are two completely conflicting theories of how the accident occurred, but the trial court actually submitted the issues of negligence and contributory negligence as to both parties. The jury may very well have accepted a version of the accident somewhere in between the conflicting theories of the parties and applied the comparative negligence doctrine. Consequently, the applicability of the sudden emergency doctrine to either or both parties and the weight that it gave it in reaching its verdict, was entirely within the jury's province. The plaintiff submits only one case, Lydick v. Gill, 68 Neb. 273, 94 N. W. 109, an early 1903 Nebraska case that apparently supports her contention. But in that case this court held there was prejudicial error in not restricting the instruction because on the facts it could apply to only one defendant, when there were multiple defendants who were defending on distinct and separate grounds, and that consequently under the particular facts in the case that the giving of an instruction could prejudice the other defendants who were not involved. In this case, with only one party defendant and the issue so clearly drawn as to lookout, control, and speed, we can see nothing misleading, confusing, or prejudicial to the party in the submission of the general instruction applicable to both of them.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.