ESTHER M. LAUX, APPELLANT, V. RAYMOND ROBINSON ET AL., APPELLEES.

239 N. W. 2d 786

Filed March 18, 1976. No. 40233.

John C. Mitchell and Larry R. Demerath of Mitchell & Beatty, for appellant.

Robert D. Mullin of Boland, Mullin & Walsh, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an automobile accident case wherein plaintiff seeks to recover for personal injuries. Defendants denied negligence and alleged contributory negligence more than slight. Jury verdict and judgment were for the defendants. We affirm the judgment of the District Court.

The accident occurred in the "T" intersection formed by 84th Street and Park Drive in Omaha, Nebraska. Eighty-fourth Street runs north and south and Park Drive extends to the east. To the west was a tract being prepared for commercial building purposes. Defendants were hauling dirt to this tract. Eighty-fourth Street is a four-lane highway which narrows to a two-lane highway about 150 feet south of the intersection. Plaintiff was traveling south. Defendants' truck entered the "T" intersection from the west.

Plaintiff urges that the court should have found defendants guilty of negligence as a matter of law; should not have submitted the issue of contributory negligence to the jury; and should have directed a verdict for plaintiff. She is also critical of certain instructions. "It is the duty of the trial court to instruct the jury upon the

issues presented by the pleadings and supported by the evidence." Heavican v. Holbrook, 187 Neb. 814, 194 N. W. 2d 208.

"A motion for directed verdict must be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence." Hansen v. Hasenkamp, 192 Neb. 530, 223 N. W. 2d 44.

In accordance with these rules, was the case properly submitted to the jury? The evidence was conflicting in some respects but there was evidence to sustain the submission of the case to the jury and the verdict rendered. Plaintiff stated that she saw the defendants' truck as it was entering the highway and "Just coming down on the curb"; and that she was then about a block away and was going 40 miles per hour just before the accident. The front end of her automobile was badly damaged when she struck the truck just behind the cab.

The defendant-driver of the truck testified that on approaching the highway he stopped and looked to the north, did not see any automobile coming, and entered the highway. He then looked to the south as he was going to cross the south-bound lane and make a left turn. When the front end of the truck was in the highway, he heard a horn and again looked to the north. At that time he saw the plaintiff's automobile about 250 feet away, thought he had time to cross, and attemped to speed up to get out of the way. He also stated that before the impact plaintiff shifted from the west outside lane to the passing lane and that the collision occurred in that lane. The impact pushed the truck up on two wheels and almost turned it over. Pictures show that after the accident plaintiff's automobile was facing east across the two traffic lanes. There were two short skid marks which the truck driver

stated were there before the accident and which do not appear to be connected with the tires on plaintiff's car where it came to rest after sliding around.

Was the defendant-driver guilty of negligence as a matter of law? Section 39-638, R. R. S. 1943, requires one entering a highway from a private road to "yield the right-of-way to all vehicles approaching on such highway." We have said: "A vehicle traveling on a highway at a reasonable and lawful rate of speed is not required to slow down or stop upon the appearance of a vehicle about to enter the highway from a private road until it reasonably appears that its driver is not going to yield the right-of-way. * * *

"If the driver of an automobile entering a highway from a private road looks for approaching vehicles but fails to see one which is favored over him under the rules of the road, he is guilty of negligence. * * *

"The duty to look for approaching vehicles implies the duty to see that which is in plain sight." Kohrt v. Hammond, 160 Neb. 347, 70 N. W. 2d 102.

It is generally held that these rules are not absolute. We have repeatedly held that an automobile driver is required to see only those approaching vehicles which relative to speed and distance are within the radius which denotes the limit of danger. See White v. Kluge, 189 Neb. 742, 204 N. W. 2d 789. This rule is applicable to one entering from a private road; were it not, a driver could never enter a highway lest there be another vehicle approaching a mile or more away. See 3 Blashfield, Automobile Law and Practice (3d Ed.), § 120.12, p. 543.

The evidence shows that the defendant-driver stopped, looked, and failed to see plaintiff's automobile. He then proceeded slowly to enter the highway. Was plaintiff then within the radius denoting the limit of danger? Defendant-driver stated she was 250 feet away when he again looked after entering the highway. Plaintiff stated she was then a block away. Certainly at the

time defendant-driver stopped, looked, and failed to see her, she must necessarily have been a substantial distance farther away. Whether or not she was then within the radius of danger could well be a jury question in regard to which reasonable minds might differ. Furthermore, her right-of-way was not absolute. One must yield the right-of-way when necessary to avoid an accident. "One having the right-of-way may not on that account proceed in disregard of the surrounding circumstances and potential dangers. One having a right-of-way is not thereby relieved from the duty of exercising ordinary care to avoid accidents." Malcom v. Dox, 169 Neb. 539, 100 N. W. 2d 538.

"There is no presumption or inference as to the negligence of a driver of an automobile arising from the mere fact that it collided with another vehicle." Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578.

In view of the evidence the jury might well have, and apparently did, conclude that the defendant-driver did not act imprudently in entering and crossing the highway and that the proximate cause of the accident was the speed and lack of control of plaintiff's automobile.

The instructions given and refused by the court have been examined and found to be free from error. We find no misconduct on the part of defendants' counsel or errors in the admission of evidence.

No error appearing, the judgment of the District Court is affirmed.

AFFIRMED.