GENEVIEVE (JOHNSON) RIEF, APPELLANT, V. DAVID A.
FOY, APPELLEE.

254 N. W. 2d 86

Filed June 1, 1977.   No. 40998.

John J. Respeliers of Respeliers & DiMari, for appellant.

D. Nick Caporale and Michael G. Helms of Schmid, Ford, Mooney, Frederick & Caporale, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

This action arose out of an automobile accident that happened in Omaha, Nebraska, around 9 p.m., on April 15, 1974.   The plaintiff, Genevieve Rief, had backed her automobile out of the driveway at 3702 North 60th Street intending to go south on 60th Street. The accident happened when the rear of her automobile was struck by the defendant's automobile which was southbound on 60th Street.   The jury found against the plaintiff and awarded the defendant $4,000 on his counterclaim.   The plaintiff has appealed.

The evidence shows that 60th Street is a four-lane street running north and south with a speed limit of

35 miles per hour. The residence at 3702 North 60th Street is located on the northwest corner of 60th and Pratt Streets. The driveway runs east and west. There is a hill on 60th Street which crests a short distance north of the driveway. Photographs taken with a camera located 54 inches above the surface of the street show that traffic approaching from the north has a clear view of 60th Street in front of 3702 North 60th from a point 220 feet north of the driveway. From a point 320 feet north of the driveway only a part of the upper portion of a vehicle would be visible to traffic proceeding south on 60th Street.

Both automobiles had their headlights on and there was a street light at the southwest corner of the intersection. It had been raining on the night the accident happened, but the evidence is in conflict as to whether it was still raining at the time the accident occurred.

The plaintiff testified that she looked to the north and to the south, saw no traffic approaching, and then backed slowly into the right lane or curb lane on 60th Street. After she had started to move forward to proceed south on 60th Street she saw the defendant's automobile approaching from the north in the same lane. When she first saw his automobile it appeared to be almost half a block away. The defendant's automobile struck the rear and right side of the plaintiff's automobile which then spun around and stopped, facing to the north.

The defendant testified that he had been bowling from 6:30 to 8:30 p.m. While bowling, he drank two or a "few" beers. He left the bowling alley and turned on to 60th Street at Ames Avenue. The weather was drizzly, he had his windshield wipers on, and the street was wet. He estimated his speed at 40 miles per hour and claimed his automobile was "hydroplaning." He did not see the plaintiff's automobile until he was about 30 feet away. The plaintiff's automobile was facing west and blocking both

lanes so he turned into the center lane, applied his brakes, turned his "wheel" to the right and struck the plaintiff's automobile with the side of his automobile. His automobile left no skid marks and came to rest on the sidewalk against a retaining wall and a traffic light pole located just south of the driveway. The defendant does not remember anything after the impact.

Susan Mann was driving north on 60th Street at the time the accident happened. She saw the plaintiff's automobile backing from the driveway when she was half a block or a block south of the scene of the accident. There was no southbound traffic in sight north of the driveway at that time. As she passed the plaintiff's automobile, which was then still backing out of the driveway, she noticed the defendant's automobile which seemed to be going faster than 35 miles per hour. She did not see the impact because she was "a little bit farther north" than the scene of the accident at the time of the impact, but she heard the impact and stopped, and went back to the scene of the accident.

The case was submitted to the jury on issues of negligence, contributory negligence, proximate cause, and damages. The plaintiff contends the trial court erred in submitting the issue of the plaintiff's contributory negligence to the jury and the trial court should have directed a verdict for the plaintiff on the issue of liability. The specifications of contributory negligence submitted to the jury were improper lookout and failure to yield the right-of-way.

Since the plaintiff was entering 60th Street from a private driveway she was required to yield the right-of-way to all traffic approaching on 60th Street. § 39-638, R. R. S. 1943; Laux v. Robinson, 195 Neb. 601, 239 N. W. 2d 786. She was also required to maintain a lookout for approaching traffic, especially from the north, and see all traffic which was within the

limit of danger. If she failed to see another vehicle, which was favored over her, when it was within the limit of danger she was guilty of negligence. Under the facts and circumstances in this case we think the evidence presented a jury question as to the plaintiff's contributory negligence and the issue was properly submitted to the jury.

The petition alleged the defendant was negligent in traveling at an excessive speed, and in failing to maintain a proper lookout and to have reasonable control over his automobile. The defendant admits that he was traveling at a speed in excess of the posted limit under conditions which adversely affected visibility and his ability to control his automobile. Although his headlights were on and the area was lighted by street lights, he failed to see the plaintiff's automobile until he was 30 feet away, although he should have been able to see the plaintiff's automobile when he was between 200 and 300 feet north of the driveway. We think the evidence established as a matter of law that the defendant was unable to stop in time to avoid a collision with an object within his range of vision. See Duling v. Berryman, 193 Neb. 409, 227 N. W. 2d 584. He was guilty of negligence as a matter of law that was more than slight and which was sufficient to bar his recovery. It was error for the trial court to submit his counterclaim to the jury.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

KUNS, Retired District Judge, dissenting in part.

I concur in the opinion except that part which remands the cause for a new trial. In my opinion, the judgment should be reversed and the cause be remanded with directions to dismiss.