C. C. NATVIG'S SONS, INC., A CORPORATION, APPELLANT, V. LARRY SUMMERS ET AL., APPELLEES.

255 N. W. 2d 272

Filed June 29, 1977. No. 41052.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellant.

J. Michael Fitzgerald of Matthews, Kelley, Cannon & Carpenter, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

C. C. Natvig's Sons, Inc., plaintiff and appellant herein, appeals from a summary judgment entered by the District Court for Holt County in favor of defendants Larry Summers and George Van Conet in a motor vehicle negligence action. The District Court found that the contributory negligence of plaintiff's driver, LaVerne Overweg, was more than slight as a matter of law, and dismissed plaintiff's petition. Plaintiff has appealed from that finding, contending it was error to dismiss its petition. We reverse and remand for further proceedings.

The evidence offered and received in this case in support of defendants' motion for summary judgment consisted of the depositions of defendant Van Conet, who was operating a vehicle owned by defendant Summers; and of Overweg, plaintiff's driver. We first summarize the testimony of Overweg.

On February 22, 1971, Overweg was transporting eggs from Kimball, South Dakota, to Ravenna, Nebraska, in a truck-tractor and trailer. As Overweg

was traveling south from Spencer, Nebraska, toward St. Paul, Nebraska, on U. S. Highway No. 281, weather conditions were unfavorable due to blowing snow. Although the wind was blowing snow across the road, the road surface was in good condition, and Overweg was not concerned with being able to see or operate his truck and trailer. He was driving at a speed of approximately 30 to 35 miles per hour.

The accident in this case occurred 9 miles north of St. Paul, at approximately 10 o'clock a.m. As one approaches the accident site from the north, there is a bend in the road and a small knoll or hill. Beyond the knoll is a slope to the south, and the accident in this case occurred about halfway down the slope. As Overweg came over the knoll his visibility was reduced to about 60 feet for several seconds due to blowing snow. Overweg immediately let up on the accelerator and began to gently apply his brakes. The road ahead was snowpacked, but Overweg was having no difficulty controlling his truck. He then observed Van Conet and his truck-tractor about 200 to 300 feet away, blocking the entire highway. Overweg stated that he had no time to downshift, and could not go around Van Conet's vehicle because there were ditches or banks on both sides of the road. Overweg continued to apply his brakes, but collided with defendant's vehicle, traveling about 10 to 15 miles per hour at the time of impact. Overweg stated it was difficult to see defendants' vehicle because it was "silhouetted" too much with the white background. He did not see any lights on defendants' vehicle, nor did he see any warning signals indicating that defendants' vehicle would be blocking the road.

Van Conet testified that he became stuck in a snowdrift at the accident site at approximately 6:30 a.m. He was driving a truck-tractor without a trailer; and while it was stuck, it was blocking only part of the south-bound lane. Van Conet went to the

nearest farm residence, owned by Lyle Tomsen. Van Conet had breakfast, helped Tomsen take care of his chores, put chains on his farm tractor, and charge the battery of the tractor. At approximately 10 a.m. Tomsen and Van Conet went to the truck-tractor to pull it out of the snowdrift. It had stopped snowing at that time, although the wind continued to blow snow across the highway.

When they arrived at the snowdrift, they found a north-bound car stuck in the drift, and Tomsen pulled the car free. A truck pulling a grain trailer then passed through the accident site, coming from the north, and avoiding Van Conet's truck by using the passing lane. Tomsen then pulled Van Conet from the drift, moving the truck-tractor in an easterly direction. When Van Conet's truck came out of the drift, it stopped about 5 feet from the east edge of the highway, resting crossways on the highway. It was at that point that Overweg collided with Van Conet. Van Conet stated that he did not see Over-weg's vehicle before the collision, although he did state that he could see to the top of the knoll when he looked to the north. Van Conet testified that the lights to his vehicle were on at the time of the colli-sion, but the evidence was unclear as to whether the lights could be seen by one approaching from the north since the truck-tractor was facing to the east. Van Conet acknowledged that he was unfamiliar with safety laws applicable to truck drivers, and that he set no flares or warning signals at any time, athough his vehicle was equipped with flares. After considering the above testimony, the trial court found that the ''contributory negligence of LaVerne Overweg as shown by his testimony in the deposi-tions is more than slight as a matter of law''; and dismissed plaintiff's petition. Plaintiff contends that this finding and the dismissal of its petition were erroneous.

The issue in this case is whether summary judg-

ment was properly granted in favor of defendants because Overweg was guilty of contributory negligence more than slight as a matter of law because he could not stop his vehicle within his range of vision. The rules with regard to summary judgment are well-established in this jurisdiction. "The moving party is not entitled to summary judgment except where there exists no genuine issue as to any material fact in the case and where under the facts he is entitled to judgment as a matter of law." Green v. Village of Terrytown, 189 Neb. 615, 204 N. W. 2d 152 (1973). The issue on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion, the trial court must take that view of the evidence most favorable to the party against whom summary judgment is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. Reeves v. Associates Financial Services Co., Inc., 197 Neb. 107, 247 N. W. 2d 434 (1976). Summary judgment is not appropriate, even where there are no conflicting evidentiary facts, if the ultimate inferences to be drawn from those facts are not clear. It is an extreme remedy which should be awarded only when the issue is clear beyond all doubt. Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976). We have pointed out that summary judgment is difficult to use in many tort cases. Pfeifer v. Pfeifer, 195 Neb. 369, 238 N. W. 2d 451 (1976).

In the present case defendants contend that the deposition testimony received by the trial court on their motion for summary judgment shows that Overweg was guilty of contributory negligence more than slight as a matter of law because he was unable to stop his vehicle within his range of vision. They rely on the long-standing general principle that it is negligence as a matter of law for a motorist to drive

his vehicle on a highway in such a manner that he is unable to stop or turn aside in time to avoid a collision with an object within his range of vision. See, Duling v. Berryman, 193 Neb. 409, 227 N. W. 2d 584 (1975); Botsch v. Reisdorff, 193 Neb. 165, 226 N. W. 2d 121 (1975); Guynan v. Olson, 178 Neb. 335, 133 N. W. 2d 571 (1965); Pool v. Romatzke, 177 Neb. 870, 131 N. W. 2d 593 (1964). This rule has been applied to driving where vision is impaired by storms or weather conditions such as snow, ice, or fog. Such factors are held to be conditions and not intervening causes, and require drivers to exercise a degree of care commensurate with the circumstances. See, Duling v. Berryman, *supra*; Newkirk v. Kovanda, 184 Neb. 127, 165 N. W. 2d 576 (1969); Pool v. Romatzke, *supra*. Although there are exceptions to the general rule, they generally embrace factual situations involving various factors which might reasonably be considered to relieve a driver of the duty to see the object or vehicle in time to avoid it. Guynan v. Olson, *supra*; McClellen v. Dobberstein, 189 Neb. 669, 204 N. W. 2d 559 (1973).

We cannot say after reviewing the record that the trial court was incorrect in finding that the general rule was applicable in the present case, and that none of the exceptions embraced the factual situation presented. Under the cases cited above, it was possible to conclude that Overweg was guilty of negligence as a matter of law because he was unable to stop his vehicle within his range of vision. Our inquiry, however, does not end there. Section 25-1151, R. R. S. 1943, provides: "In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross *in comparison,* but the contributory negligence of the

plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury." (Emphasis supplied).

In Roby v. Auker, 151 Neb. 421, 37 N. W. 2d 799 (1949), this court interpreted section 25-1151, R. R. S. 1943, as follows: "The statute by the use of the words 'when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison' clearly intended the words 'in comparison' as qualifying both of the clauses immediately preceding. The words 'slight' and 'gross' as used in the statute are comparative terms and the intent of the statute is that the negligence of the parties shall be compared one with the other in determining questions of slight and gross negligence." See, also, Andelt v. County of Seward, 157 Neb. 527, 60 N. W. 2d 604 (1953). In Niemeyer v. Tichota, 190 Neb. 775, 212 N. W. 2d 557 (1973), we stated: "In making the comparisons required by the statute between the negligence of a plaintiff and of a defendant, there is no flat formula which is applicable. Neither is the comparison limited to an item by item comparison of the kind and degree of negligence involved in specific acts. It seems clear that the process of comparison should measure the disparity between the quantum of the total negligence of a defendant and the quantum of the total negligence of a plaintiff.

"It should be noted here that the final provision of the comparative negligence statute requires that 'all questions of negligence and contributory negligence shall be for the jury.' While that language obviously does not affect the court's right to decide a case as a matter of law, it does emphasize the fact that the determination of questions of negligence and contributory negligence *and the comparative measuring of them are basically factual issues which are generally*

*for determination by the jury."* (Emphasis supplied.)

In the present case, even assuming Overweg was guilty of negligence as a matter of law under the range of vision rule, the degree of his negligence as compared to possible negligence on the part of the defendants remains in dispute. At the time of the accident Van Conet was removing his vehicle from a snowdrift and blocking the entire highway at a place he knew to be unusually dangerous due to adverse weather conditions and a location just beyond a hill. No flares were set, nor was any warning of any kind given to oncoming drivers. Van Conet did not even see Overweg approaching, which might indicate that he was not keeping a lookout for oncoming traffic at a time when he knew he was blocking the entire highway.

The range of vision rule was never intended to be arbitrary. Thurow v. Schaeffer, 151 Neb. 651, 38 N. W. 2d 732 (1949); Pool v. Romatzke, *supra*. Although in some circumstances it may be proper for the trial court to determine as a matter of law that a person violating the range of vision rule is guilty of negligence more than slight, so as to prevent recovery, such as where the other party was not negligent in any respect, yet we have never held that a driver violating that rule is guilty of negligence more than slight in every circumstance, regardless of the actions or negligence of the person with whom he collides. In the present case the deposition testimony, viewed most favorably to the plaintiff, indicates possible active negligence on the part of Van Conet, and raises a factual question as to the comparative negligence of both parties. Summary judgment is not appropriate where there is an issue of fact to be resolved or where the inferences to be drawn from the facts are not clear. Reeves v. Associates Financial Services Co., Inc., *supra*. In this case there is a factual dispute as to whether Van Conet was negligent;

and as to whether Overweg's negligence was slight and the negligence of Van Conet, if any, was gross in comparison. We determine that the record at this time does not show conclusively that there is no genuine issue of fact, and therefore summary judgment was inappropriate in this case.

We reverse the judgment and remand the cause to the District Court for further proceedings not inconsistent with this opinion. Since a trial on the merits will be necessary on remand, the trial court should consider all issues raised by the parties in light of the evidence adduced at trial.

REVERSED AND REMANDED.

CLINTON, J., dissenting.

I dissent. I am unable to reconcile the holding in this case with that in Vrba v. Kelly, *ante* p. 723, 255 N. W. 2d 269, filed today.