STAN VRBA, APPELLANT, V. RONNY KELLY, APPELLEE.

255 N. W. 2d 269

Filed June 29, 1977. No. 40950.

Hurt & Gallant and Daniel A. Smith, for appellant.

Neil R. McCluhan and Michael W. Ellwanger of Kindig, Beebe, McCluhan, Rawlings & Nieland, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This action was brought in the county court of Thurston County, Nebraska, by Stan Vrba, appellant, against Ronny Kelly, the appellee, for the recovery of damage received in a motor vehicle collision. Appellee counterclaimed for his damage. The county court dismissed appellant's action and entered judgment for the amount of appellee's damage. On appeal to the District Court, both the petition and the counterclaim were dismissed. Appellant brings a further appeal to this court. Appellee does not cross-appeal. We reverse the judgment of dismissal against the appellant and affirm the judgment of dismissal of the counterclaim.

The situation reflected by the pleadings and the evidence is that on the evening of February 4, 1975, during a severe snowstorm, the appellant's vehicle became stuck in a snowdrift about 90 feet below the crest of a hill. After unsuccessful attempts to dig the vehicle free, appellant left it on his right side of the highway and proceeded to his home on foot; he did not place flares, leave his lights on, or give other warning of the location of the vehicle. Later that night a county road maintainer cleared a path ap-

proximately 10 feet wide in the center of the road. The following morning, the appellee while driving down said hill collided with appellant's vehicle, causing damage to the left front corner of each vehicle, that being the area of impact.

Appellant contends that appellee was negligent in failing to exercise proper control, driving at an excessive rate of speed, failing to maintain a proper lookout, and in driving on the wrong side of the highway. He argues that the evidence of such negligence was so clear that the trial court should have entered judgment for the amount of his damage. The only evidence concerning the manner in which appellee was driving comes from the appellee himself. He stated that as he proceeded over the crest of the hill, his range of vision was reduced to approximately 50 feet by the blowing snow; his rate of speed was then 25 to 30 miles per hour; and when he saw appellant's vehicle, he was unable to stop or turn aside in time to avoid the collision.

This testimony shows upon its face that the appellee was driving at a rate of speed which, under the conditions shown, rendered him unable to keep a proper lookout or to maintain proper control over the operation of his vehicle. When a driver cannot stop or turn aside in time to avoid collision after a danger becomes apparent to him, he is negligent as a matter of law. The existence of adverse weather conditions affecting the range of visibility or the ability to maneuver a vehicle does not excuse his conduct but rather emphasizes the lack of care displayed by him. This has long been the rule in Nebraska, subject to some exceptions not found in the evidence in this case. Most v. Cedar County, 126 Neb. 54, 252 N. W. 465; Duling v. Berryman, 193 Neb. 409, 227 N. W. 2d 584; Rief v. Foy, *ante* p. 572, 254 N. W. 2d 86. Appellee's own evidence, therefore, requires a finding that he was negligent as a matter of law at the time of the collision and that the degree of

such negligence was more than slight. Appellee cannot recover upon his counterclaim and is liable to the appellant for his damage unless the defense of contributory negligence is established.

Appellee contends that the appellant was negligent in leaving his vehicle stopped on a public highway without lights or flares in a place where it was not in clear view for a distance of 200 feet in each direction. Appellant testified that when he was unable to extricate the vehicle from the snowdrift by shoveling he moved it as far to his right side as he could and proceeded on foot to his home. The collision occurred before he returned. Appellee relies upon the language of section 39-670 (1), R. R. S. 1943, that: "No person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon a roadway outside of a business or residential district, when it is practicable to stop, park, or leave such vehicle off such part of such highway, but in any event an unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway."

We have previously held in Haight v. Nelson, 157 Neb. 341, 59 N. W. 2d 576, that such statutory requirements do not apply to disabled vehicles. Appellant's vehicle was disabled within the meaning of this precedent. It could not be moved further from its position and it is immaterial whether the cause of such immobility was a mechanical malfunction or the presence of drifted snow. The appellant did comply with the requirements of the statute so far as possible; the vehicle was stopped as far to the right as possible; there was an unobstructed space, the width of a maintainer blade opposite; and weather conditions rendered it impossible for the appellant or anyone else to provide a clear view of the vehicle for 200 feet in either direction. The evidence was not

sufficient to support a finding of any negligence on the part of the appellant, but shows rather that the location of the appellant's vehicle was only a condition and could not operate as a concurrent cause of the collision. Appellee's defense of contributory negligence must therefore fail.

The trial court should have entered judgment for the appellant for the amount of his stipulated damage. The counterclaim by appellee was properly dismissed. The judgment is reversed and the cause remanded for the entry of judgment in favor of appellant and is affirmed as to the dismissal of appellee's counterclaim.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

BRODKEY, J., concurring.

I concur with the majority opinion in this case, but believe that additional remarks are appropriate in light of the case of C. C. Natvig's Sons, Inc. v. Summers, *post,* p. 741, 255 N. W. 2d 272 (1977), which involved a factual situation similar in many respects to that in the present case, but where this court reversed a summary judgment entered against a party which had been found negligent under the range of vision rule.

In C. C. Natvig's Sons, Inc. v. Summers, *supra,* the trial court found that the plaintiff's driver was guilty of negligence as a matter of law and granted summary judgment to the defendants because plaintiff's driver was unable to stop his vehicle within his range of vision, and collided with defendants' vehicle. This court reversed the judgment of the trial court on the grounds that the record showed the defendant driver may have been negligent, and that a factual question existed as to whether the negligence of plaintiff's driver was slight and the negligence of the defendant driver, if any, was gross in comparison. See section 25-1151, R. R. S. 1943, the comparative negligence statute in Nebraska. This court stated:

"The range of vision rule was never intended to be arbitrary. * * * Although in some circumstances it may be proper for the trial court to determine as a matter of law that a person violating the range of vision rule is guilty of negligence more than slight, so as to prevent recovery, such as where the other party was not negligent in any respect, yet we have never held that a driver violating that rule is guilty of negligence more than slight in every circumstance, regardless of the actions or negligence of the person with whom he collides."

In the present case, as the majority opinion indicates, the plaintiff could not be found negligent. Since defendant was guilty of negligence under the range of vision rule, plaintiff is entitled to judgment in his favor. In C. C. Natvig's Sons, Inc. v. Summers, *supra,* the record showed that the defendant driver may well have been guilty of active negligence. Defendants' vehicle in that case was not disabled at the time of the collision, but was being pulled from the side of the road and was blocking the entire road. Defendant driver took no precautions and gave no warning to oncoming drivers, although he knew that the location was dangerous due to the geography and weather conditions. In such a situation, a factual question was raised as to comparative negligence of the parties, and summary judgment was inappropriate.

Therefore, although the two cases may appear to be inconsistent at first glance there is a fundamental difference which distinguishes them. The present case should not be construed as holding that a party found to be negligent under the range of vision rule is guilty of negligence more than slight as a matter of law in every situation, regardless of the negligence of the person with whom he collides.