VERA W. BROWN, ADMINISTRATRIX OF THE ESTATE OF STEVEN L. BROWN, DECEASED, APPELLANT, V. STATE OF NEBRASKA, APPELLEE.

287 N. W. 2d 676

Filed January 22, 1980. No. 42395.

Ryan, Scoville & Uhlir, for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

Brodkey, J.

The appellant herein, Vera M. Brown, appeals to this court from a judgment entered by the District Court for Dixon County in an action brought by her against the State of Nebraska under the State Tort Claims Act, sections 81-8,209 to 81-8,235 R. R. S. 1943. Appellant brought this action both on her own behalf and as administratrix of the estate of Steven L. Brown, her son, for the purpose of recovering damages suffered by her and by the estate of her deceased son resulting from an automobile accident. The accident occurred upon a portion of U. S. Highway 20 during the early morning hours of July 21, 1973, when an automobile owned by the deceased and driven by one Ellen Madsen (now Mrs. Ellen Morey) struck the buttress of a bridge located upon said highway which was at that time undergoing construction. Appellant first filed a claim with the State Claims Board, which claim was denied. She thereafter filed her petition against the State of Nebraska in the District Court for Dixon County, joining in said action seven contractors who were involved in various phases of the construction contract in question, and alleging separate grounds of negligence against each of the defendants.

This appeal, however, involves only the claim of the appellant against the State of Nebraska, which, under the terms of the State Tort Claims Act, must be tried to the court without a jury. See § 81-8,214, R. R. S. 1943.

In her petition the appellant alleged 16 separate grounds of negligence against the State of Nebraska, the principal allegations being that the State was negligent in failing to erect guardrails at the bridge in question and in failing to warn motorists of the lack of guardrails at the location, and also that said negligence was the proximate cause of the wrongful death of her son. In its judgment entered on July 12, 1978, following trial of the cause, the court found:

"It is the finding and judgment of this court that the State of Nebraska was not guilty of any violation of reasonable, ordinary care in relation to the conditions of the roadway and bridge located at Station 254+74 on July 21st, 1973. *That the sole and proximate cause of the accident* and resulting death of the decedent was the negligence of the driver of decedent's vehicle as hereinbefore set forth and judgment is rendered for the Defendant State of Nebraska and against the Plaintiff Vera W. Brown, Administratrix of the Estate of Steven L. Brown, deceased, * * *." (Emphasis supplied.) In her brief on appeal to this court from that judgment, the appellant contends that the trial court erred in making the foregoing findings. We affirm.

Before reviewing the evidence in this case, we first consider the scope of review by this court of appeals from actions brought under the State Tort Claims Act. The law is well established that in such appeals the findings of the trial court will not be disturbed unless clearly wrong. See, Cortes v. State, 191 Neb. 795, 218 N. W. 2d 214 (1974); Buttner v. Omaha P. P. Dist., 193 Neb. 515, 227 N. W. 2d 862 (1975); Craig v. Gage County, 190 Neb. 320, 208 N. W. 2d 82 (1973). In this appeal, therefore, we must affirm the findings of the trial court if there is competent evidence to support them.

Most of the evidence adduced at the trial was presented by use of depositions mutually offered by the parties. It would appear from the evidence so adduced that the deceased, Steven L. Brown, age 21, was a resident of Iowa and employed in a furniture store in Sioux City, Iowa. He had just received a promotion in his employment on July 20, 1973, and decided to celebrate the event. That evening, he and three acquaintances took his automobile and drove in and around the Sioux City area, actually traveling in the states of Iowa, Nebraska, and South Dakota. Before commencing their journey the de-

ceased purchased two or three six-packs of beer, the exact amount being in dispute. It appears clear from the record, however, that during the course of the evening the deceased consumed most of the beer himself. At approximately 11:30 p.m., Steven, who was driving his automobile at that time, drove from Sioux City into northeast Nebraska and proceeded in a westerly direction on U. S. Highway 20 toward Allen, Nebraska. It was raining heavily during this trip. Ellen Madsen was riding in the front seat of the vehicle on the passenger's side. There is a conflict as to whether the deceased asked her to drive the automobile or whether she had requested that she be allowed to drive the automobile. In any event, their route took them through the area where the bridge in question was being widened, and after passing through the area the deceased turned the vehicle around preparatory to driving back to Sioux City in an easterly direction. At that time the deceased turned the driving over to Ellen Madsen, age 16. Prior to her taking control of the automobile, Ellen Madsen, along with the others in the automobile, had been engaged in drinking beer, the amount, however, being a matter of dispute. The testimony in the record indicates that she consumed from one to two cans. According to her testimony, as she was driving in an easterly direction and prior to arriving at the bridge in question, she hit something on the road which caused the automobile to start to skid and leave the traveled portion of the roadway. She stated that she had had no trouble driving prior to this time. It is interesting to note, however, that one of the passengers in the automobile contradicted her testimony and indicated that she had driven off the road five or six times prior to the accident, and that the deceased, who was sitting next to her on the passenger's side, grabbed the wheel about five or six times. In any event, after the skid to which Ellen Madsen testified, the automobile left the traveled

portion of the roadway, and although she apparently regained partial control of the vehicle, it struck the buttress of the bridge in question. As a result of the impact, the deceased was pinned between the buttress and the automobile and suffered injuries from which he subsequently died.

The bridge which the automobile struck was located in Dixon County, Nebraska, on U. S. Highway 20. On December 14, 1972, the state had let bids for a state project on this highway, which project included the widening of three bridges and was for the general roadside improvement of an 18-mile stretch of the aforementioned highway. As previously mentioned, separate contracts were awarded for bridge work, grading, paving, culvert work, guardrail placement, and the seeding of the project area. Starting dates for the various contractors were set and work was begun on the project on April 10, 1973. The project was completed on September 4, 1974. Throughout the construction period, the highway was open to at least one lane of traffic. The record reveals, that informational signs, 5-foot by 10-foot lighted barricades, and signs which indicated entry into a construction area and the length of the construction zone were placed at the west and east ends of the project prior to the inception of any work, and remained in place throughout the construction period.

Work on the project was started at the west end and proceeded in a generally easterly direction. On the date of the accident, which occurred on Saturday, July 21, 1973, the work was 29.2 percent completed for the entire project. As previously stated, part of the project included the widening of three bridges. The bridge which was the site of the accident was one of those bridges. The plans called for the widening of the bridge in question an additional 10 feet on each side of the existing bridge. The construction of the bridge itself was completed as of the

date of the accident with the exception of installation of an ornamental handrail. At the time of the accident the grading was completed to a point east of the bridge itself, and no part of the roadway leading to the bridge was disturbed during the entire construction project.

It is clear that at the time of the accident, which was only 1 month after completion of the work on the bridge itself, the guardrails had not as yet been installed on the bridge. That portion of the contract was completed on July 26, 1974. The evidence also reveals that at the time of the accident Ellen Madsen was driving between 40 and 45 miles per hour, which was not in excess of the posted speed limit at that location. The parties stipulated that the weight of the Brown vehicle at the time of the collision was 3,000 pounds and its loaded weight was 3,700 pounds. They also stipulated that, under the design specifications of the guardrail for the bridge, the guardrail would withstand an impact greater than that which the Brown automobile and occupants would exert on the guardrail even at a greater speed than that which the evidence indicates the Brown car was traveling. While evidence was introduced as to the purpose and function of guardrails, the record contains nothing which would indicate conclusively that had the guardrails been in position at the time of the accident the resulting accident and death of the decedent would not have occurred.

With the foregoing in mind, we now examine the errors assigned by the appellant as justifying reversal in this case, and we consider them in the order they are set out in appellant's brief. Appellant first contends that the trial court erred in finding that the sole proximate cause of the accident and resulting death of the decedent was the negligence of the driver of decedent's vehicle. We believe there is clearly sufficient evidence in the record to support this finding of the trial court. A detailed recitation

of the evidence with reference to the conduct of the driver of the automobile is unnecessary. As previously stated, evidence was adduced which clearly indicates that the driver did not have her car under proper control and was not observing the warning signs which were in place at that time. Her lack of control is indicated by evidence in the record, which the trial court was entitled to believe, that the driver, Ellen Madsen, had driven off the traveled portion of the roadway five to six times prior to the accident, although she herself testified that she experienced no trouble driving. It must also be remembered that although there is no testimony in the record that the driver was intoxicated at the time, the evidence does reveal that she had been drinking, and the trial court may have taken this into consideration.

The evidence is undisputed that it was raining hard at the time of the accident and that the visibility was consequently reduced. The existence of adverse weather conditions affecting the visibility or the ability to maneuver the vehicle must likewise be taken into account by the driver, and requires him to be more alert and vigilant for danger. See, Vrba v. Kelly, 198 Neb. 723, 255 N. W. 2d 269 (1977); Rief v. Foy, 198 Neb. 572, 254 N. W. 2d 86 (1977); C. C. Natvig's Sons, Inc. v. Summers, 198 Neb. 741, 255 N. W. 2d 272 (1977). Also, there is no question that the driver of the automobile had been in the automobile while it was driven through the construction area in a westerly direction before she took over the driving of the automobile on the return trip and that there were signs posted indicating that the area was under construction, and cautioning the motorists of that fact. Of interest in this regard is Tely v. State, 307 N. Y. S. 2d 307, 33 App. Div. 2d 1061 (1970), which was an action for death and personal injuries caused by an automobile accident. In that case, the driver of a westbound automobile drove the automobile off

the surface of the highway onto the shoulder, and in attempting to return the automobile to the surface, lost control of it, and the automobile went into the eastbound lane where it collided head-on with claimant's vehicle. The state had erected a sign stating: "DANGER USE CAUTION CONSTRUCTION." The court held that the failure of the state to have warning signs or devices along the edge of the pavement at the place of the accident was not negligence, and that the sole cause of the accident was the negligent operation of the westbound automobile. The analogies between that case and the instant case are apparent, and persuasive.

From the totality of the evidence, the trial court might properly have concluded that the driver of the automobile, while not traveling at speeds in excess of the posted limits, was traveling at speeds which were excessive under the weather conditions prevailing; that she had been operating the automobile in an unsafe manner; and that she failed to retain proper control of the vehicle. Under the State Tort Claims Act, the case must be tried to the court sitting without a jury; and that being so, it follows that the judge acts as the trier of facts. Where the evidence is conflicting on the question of proximate cause, the question is ordinarily one for the jury or the trier of facts. Brewer v. Case, 192 Neb. 538, 222 N. W. 2d 823 (1974); 57 Am. Jur. 2d, Negligence, § 136, p. 487. The trier of facts determines questions of sole proximate cause. Morse v. Gray, 166 Neb. 557, 89 N. W. 2d 842 (1958). Under the evidence in the record, we conclude that the trial court was not clearly wrong in its finding that the sole proximate cause of the accident and death of the decedent was the negligence of the driver of the automobile. We therefore affirm its finding in this regard.

In view of our decision on the issue of sole proximate cause, it is unnecessary for us to consider the other assignments of error raised by the appellant.

Even if it were determined that the State of Nebraska was in some respects negligent, in the absence of evidence that such negligence was the proximate cause or a concurring cause of the accident or injuries, such negligence would not justify the imposition of liability on the State of Nebraska. The judgment and findings of the trial court must be and hereby are affirmed.

AFFIRMED.