**Janet FAY, Plaintiff-Appellee,**

v.

**KROBLIN REFRIGERATED XPRESS, INC., an Iowa corporation, Defendant-Appellant.**

**No. 80CA0038.**

Colorado Court of Appeals, Div. III.

Dec. 10, 1981.

As Modified on Denial of Rehearing Jan. 28, 1982.

Hutchinson, Black, Hill, Buchanan & Cook, William D. Meyer, Steve C. Briggs, Boulder, for plaintiff-appellee.

Martin, Knapple, Humphrey & Tharp, James G. Martin, Boulder, DeMoulin, Anderson, Campbell & Laugesen, Richard W. Laugesen, Denver, for defendant-appellant.

PIERCE, Judge.

In this wrongful death action, defendant, Kroblin Refrigerated Xpress, Inc. (Kroblin), appeals from a judgment entered in favor of plaintiff, Janet Fay, after a jury found Kroblin solely negligent. We reverse.

Shortly after sunrise on November 4, 1977, Janet's husband, the deceased, and his passenger were killed in a two vehicle collision near Ogallala, Nebraska, on Interstate 80. The deceased was driving east in a pickup truck when it collided with the rear end of Kroblin's semi-trailer truck parked on that highway's south shoulder. Kroblin first contends that, by not directing a verdict that the deceased was at least partially negligent, the trial court erred. We agree.

The parties agreed that by applying the conflicts of law principles as stated in *Sabell v. Pacific Intermountain Express Co.*, 36 Colo.App. 60, 536 P.2d 1160 (1975), comparative negligence was to be determined pursuant to § 13–21–111, C.R.S.1973 (1980 Cum.Supp.), while Nebraska law would apply to rules of the road, duty, and proximate cause. Hence, any negligence by the

deceased is analogous to contributory negligence. *Powell v. Ouray*, 32 Colo.App. 44, 507 P.2d 1101 (1973).

Under the doctrine of contributory negligence, one has the duty to act as a reasonably prudent person by avoiding undue risk of harm to himself. *Matt Skorey Packard Co. v. Canino*, 142 Colo. 411, 350 P.2d 1069 (1960). Moreover, this duty has been extended to a decedent in a wrongful death action. *Willy v. Atchison, Topeka & Santa Fe Ry.*, 115 Colo. 306, 172 P.2d 958 (1946). *See* § 13–21–111(1), C.R.S.1973.

We realize that generally, negligence, contributory negligence, and proximate cause are questions for the trier of fact, and that contributory negligence is rarely a question of law unless the facts are undisputed and a reasonable person can draw but one inference from them. *Moseley v. Lamirato*, 149 Colo. 440, 370 P.2d 450 (1962); *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250 (1961). However, where as here, there is no conflict as to the physical facts of the accident, contributory negligence becomes a question of law for the court. *See, e.g., Ridenour v. Diffee*, 133 Colo. 467, 297 P.2d 280 (1956).

Stipulated photographs demonstrate that the Kroblin truck was not even close to the traveled portion of the road. Its outside wheels were on the grass off of the highway and only a part of the truck was even on the shoulder, approximately four feet from the traveled portion of the road. Moreover, the traveled portion of the highway consisted of four lanes and the eastbound lanes were 24 feet wide. The Kroblin truck, however, was struck almost directly from the rear, "a little bit off to the left of center," by the deceased's pickup truck, and there was no indication that the deceased's vehicle slowed much, if any, while traveling at highway speed.

In addition, at the time of the accident the highway surface condition was dry and clear and the weather was clear and not windy. It must also be noted that at the time of the accident it was apparently daylight, even though it may have been shortly after sunrise.

When a motorist cannot stop or turn aside in time to avoid a collision with a stationary object within his range of vision, he, as the deceased here, is negligent as a matter of law. *Vrba v. Kelly*, 198 Neb. 723, 255 N.W.2d 269 (1977). Furthermore, a driver of a motor vehicle has a duty to maintain a proper lookout and watch where he is driving so that when he sees an object plainly visible before him, he can stop his vehicle to avoid a collision. *Clark Bilt, Inc. v. Wells Dairy Co.*, 200 Neb. 20, 261 N.W.2d 772 (1978); *Newkirk v. Kovanda*, 184 Neb. 127, 165 N.W.2d 576 (1969). There is no plausible reason why the deceased, had he avoided an undue risk of harm to himself, would have collided with the Kroblin truck.

Even if it is assumed that the truck was parked in violation of Neb.Rev.Stat. § 39–670(2) (reissued Vol. III 1978), there is no merit to the argument that the decedent did not have to anticipate the Kroblin truck being parked on the shoulder. It is fallacious to assume that a vehicle on the emergency shoulder of a highway can never be anticipated just because it may be illegally parked. The accident would have occurred regardless of the reason why the Kroblin truck was on the shoulder. Thus, whether or not one negligently misjudges his situation as being within the exceptions of § 39–670(2), it is insufficient to excuse a driver, such as the deceased here, for blindly driving down the shoulder of an interstate highway and not maintaining an appropriate lookout for objects within his range of vision.

After considering the undisputed circumstances surrounding this accident, we conclude that the only inference that can be drawn by a reasonable person is that the deceased was at least partially negligent as a matter of law. Thus, since Kroblin was also found negligent, the jury must compare Kroblin's negligence to the deceased's negligence. *See Sabell, supra; C.C. Natvig's Sons, Inc. v. Summers*, 198 Neb. 741, 255 N.W.2d 272 (1977); § 13–21–111, C.R.S. 1973 (1980 Cum.Supp.).

Finally, we have considered Kroblin's numerous other points of error, but it is unnecessary to reach those contentions because they are either without merit or resolved by this remand for a new trial.

The judgment is reversed and the cause is remanded for new trial with instructions that the amount of damages and that the negligence of both parties has been established, and that the jury's sole duty is to determine the percentage of the causal negligence attributable to the deceased and to the defendant.

KELLY, J., concurs.

VAN CISE, J., specially concurs.

VAN CISE, Judge, specially concurring.

I agree with the majority that, on the evidence presented at the trial, the deceased was at least partially negligent as a matter of law. Therefore, the judgment for plaintiff, based on Kroblin being 100% negligent cannot stand.

Also, I see no interdependence between the issues of responsibility for the accident and the amount of damages. *See Kitto v. Gilbert*, 39 Colo.App. 374, 570 P.2d 544 (1977). Therefore, I concur in the granting of a new trial without including the issue of damages.

However, I do not agree that the new trial should be confined to the sole issue of the percentage of causal negligence attributable to the deceased and Kroblin. This assumes that the identical evidence, no more and no less, will be presented at the second trial—and such a happening is unlikely if not impossible.

I would remand for a new trial on liability.