THE OMAHA HOME FOR BOYS, APPELLEE, V. STITT
CONSTRUCTION COMPANY, INC., A CORPORATION, ET AL.,
APPELLANTS.

238 N. W. 2d 470

Filed February 11, 1976. No. 40188.

John W. Delehant, for appellants.

John A. Rickerson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,
McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an action for damages arising out of a construction contract. In 1969 the defendant, Stitt Construction Company, Inc., entered into a written contract to construct a gymnasium building and other improvements for the plaintiff, The Omaha Home for Boys, upon its property in Omaha, Nebraska. The total contract price was in excess of $640,000. The contract contained detailed specifications as to how the project was to be built.

In addition to the gymnasium building, the contract provided for the construction of a concrete patio area on one side of the building and a large asphalt play area on the other side of the building. The contract also called for the construction of two large planters

adjacent to the building and patio area, a utilities tunnel, and various sidewalks and driveways. The principal controversy here involves the patio area and play area.

The contract provided that all subgrades for drives, floor slabs, parking areas, running track, sidewalks, and other structures should be "compacted to 90 per cent of maximum density at optimum moisture content." All other areas were to be compacted to at least "85 percent maximum density at optimum moisture content." Tests were to be determined by AASHO Standard Method T180D-57. The contract specifically provided: "The Contractor shall perform the necessary work to meet these compaction requirements."

On March 1, 1971, the job had been substantially completed. During that spring some settling occurred in the paved areas and the defendant made repairs. The plaintiff continued to have difficulty with the paved areas and structures outside the building and had soil compaction tests made. An engineering firm that made tests in and around the patio area recommended the existing backfill be removed to its full depth and replaced in a dense condition and the surface improvements be reconstructed. In October 1972, the plaintiff's architect requested the defendant to repair the backfill "around new foundation structures." The defendant replied that it would proceed with exploratory work upon receipt of $4,988.89, the balance due the defendant under the original contract. The plaintiff then employed another contractor to make the repairs.

This action was commenced in November 1973, to recover the damages the plaintiff alleged it sustained as a result of the failure of the defendant to compact the filled areas to the density required by the contract. The General Insurance Company of America, the surety on defendant's performance bond, was made an additional defendant after the action had been commenced. The insurance company admitted it had issued the bond but

did not admit that Stitt's performance under the contract was defective.

The jury returned a verdict for the plaintiff in the amount of $23,414.73 against both defendants. The defendants have appealed.

The record contains evidence which shows in great detail the settling that occurred under the surface of the play area and the patio area. The plaintiff produced an expert witness who testified that it was his opinion the settling was due to a combination of loose backfill and entry of water into the backfill. He further testified that water would not have entered the backfill to the same extent if the original compaction had complied with the requirements of the contract. He explained that when clay is compacted into a dense condition it is very impervious, does not have many voids, and there is very little room for water to travel through the clay. When clay is loose there is lots of room for the water to travel.

The defendant's evidence tended to show the contractor had followed the usual and customary procedure used by contractors in this area to compact backfill. No compaction tests were made until after the settling had occurred so there was no direct evidence that the contractor had failed to comply with the compaction requirements of the contract.

We believe the evidence presented a question for the jury as to whether the defendant had complied with the compaction requirements specified in the contract. The evidence as to the settling that occurred together with the expert testimony as to the cause was sufficient to permit the jury to find that the defendant had not complied with the requirements of the contract.

The contract specifications contained a provision that except as otherwise stated all work and materials were guaranteed for 1 year. The general conditions contained a further provision, under paragraph 13.2, Correction of Work, that: "If, within one year after the Date of Sub-

stantial Completion or within such longer period of time as may be prescribed by law or by the terms of any applicable special guarantee required by the Contract Documents, any of the Work is found to be defective or not in accordance with the Contract Documents, the Contractor shall correct it promptly after receipt of a written notice from the Owner to do so unless the Owner has previously given the Contractor a written acceptance of such condition. The Owner shall give such notice promptly after discovery of the condition."

The defendants contend this provision was a limitation upon the plaintiff's right to recover for defective work and eliminated any right to recover for defective work except as therein provided.

Another paragraph in the same article provided: "The obligations of the Contractor under this Paragraph 13.2 shall be in addition to and not in limitation of any obligations imposed upon him by special guarantees required by the Contract Documents or otherwise prescribed by law."

The liability of the contractor for damages caused by its failure to comply with the requirements of the contract was an obligation imposed or otherwise prescribed by law. The provision requiring the contractor upon notice to remedy defective work discovered within 1 year of substantial completion was in the nature of a guarantee or warranty and was an additional protection for the owner. The provision was not exclusive and did not bar recovery for defective work discovered more than 1 year after the date of substantial completion.

The defendants also contend the trial court erred in failing to instruct the jury that the proper measure of damages in this case was the fair and reasonable costs of necessary repairs less the amount due the defendant under the original contract. It was undisputed there was a balance of $4,988.89 due the defendant on the original contract.

The record shows counsel for both parties assisted the

trial court in preparing the instructions to the jury. After the final draft of the instructions had been prepared, counsel for the defendants advised the trial court the proposed instructions were "accepted" and the defendants had no objections. The defendants' motion for new trial contained no assignment objecting to any of the instructions. Under these circumstances the defendants can not now complain to this court that the instructions were erroneous. See Moser v. Jeffrey, 194 Neb. 132, 231 N. W. 2d 106.

The trial court allowed the plaintiff an attorney's fee in the amount of $5,000 to be taxed as costs against the defendant surety, General Insurance Company of America. The insurance company contends the fee was excessive and no fee should have been allowed because there was no dispute concerning the performance bond itself.

Although the surety company admitted it had issued the bond it did not admit that Stitt's performance under the contract was defective. The allowance of an attorney's fee under section 44-359, R. R. S. 1943, was proper. Reorganized Church of Jesus Christ v. Universal Surety Co., 177 Neb. 60, 128 N. W. 2d 361. The amount allowed was within the discretion of the District Court.

The judgment of the District Court is affirmed. No additional fee is allowed for the services of the plaintiff's attorney in this court.

AFFIRMED.