JOHN D. COLLINS, APPELLANT, V. HERMAN NUT & SUPPLY
COMPANY ET AL., APPELLEES.
240 N. W. 2d 32

Filed March 25, 1976. No. 40251.

David J. Cullan of Cullan & Cullan, for appellant.

Keith Howard of Pilcher, Howard & Dustin, for appellee Herman Nut & Supply Co.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This case is a suit for personal injuries suffered by the plaintiff as the result of a fall which occurred while the plaintiff was delivering raw materials to the business

premises of the defendant, Herman Nut & Supply Company. The plaintiff alleged that the defendant was negligent in several respects and sought damages of $30,000. The defendant denied any negligence on its part and alleged contributory negligence and assumption of risk. After the plaintiff had presented his evidence, the defendant moved for an order dismissing the petition or, alternatively, for a directed verdict. The court sustained the motion. A motion for a new trial was subsequently filed by the plaintiff and was overruled. This appeal followed. We affirm the judgment of the District Court.

The plaintiff was an employee of All-American Transport, Inc., a common carrier of freight. The defendant is the operator of a processing plant located in Omaha, Nebraska, for which All-American had a shipment. The plaintiff was the driver of the delivery truck. During the 3 days preceding January 23, 1973, the date of the plaintiff's accident, almost 8 inches of snow had fallen in the Omaha area. When he arrived at the defendant's establishment, the plaintiff parked his truck on the street in front of the defendant's building. The plaintiff testified that there was snow on the street where he had parked and on the sidewalk in front of the defendant's building. This sidewalk had not been shoveled. The snow was from 3 to 4 inches deep. The plaintiff testified that the snow came over the top of his boots.

The defendant's building faced west onto Thirty-third Street. It had three entrances. The south entrance led into the defendant's office. The north and middle entrances led to portions of the building used for storage. The plaintiff went to the south entrance, to the office, and asked the defendant's employees where they wanted the shipment he was hauling unloaded. He was told to unload it at various places in the building and to use the north and middle entrances.

To reach the areas where he was to put the shipment the plaintiff would pass through either the north or

the middle exterior doors. About 15 to 20 feet from the north exterior door was an interior door which the plaintiff also had to pass through in order to deposit some of the shipment. The floor between the exterior doors and the interior door was linoleum. The plaintiff testified that there was no water on this floor when he arrived.

The shipment consisted of large burlap sacks of raw peanuts and smaller boxes of sunflower seeds. The sacks weighed around 100 to 110 pounds and were about 3 to 4 feet high. The plaintiff would take one of these sacks from the truck, hoist it onto his shoulder, and carry it into the defendant's building, and unload it where shown. Prior to entering the building, the defendant would stomp his feet in the doorways to knock the snow off of his feet. After he had made several trips, one of the defendant's employees placed some matting inside the middle exterior door.

The plaintiff had made between 5 and 10 trips before he fell. He fell at a spot approximately 10 feet from the north door inside the building, and about 3 to 4 feet from the interior door. At the time he fell he was carrying one of the large sacks on his shoulder. The plaintiff suffered severe injuries to his back and testified that he has been able to work only 1 day since his fall.

The plaintiff's fall was due to the slippery conditions created when water, formed by melting snow which came from his boots, accumulated along the path he was following while unloading the shipment.

It was alleged that the defendant was negligent in failing to remove snow from the sidewalk outside the premises; in allowing water to accumulate along the path the plaintiff took while he was making his deliveries; and in failing to supply matting or other protective material along the plaintiff's path.

"In testing the sufficiency of the evidence for determining the propriety of a directed verdict, the plain-

tiff is entitled to have all controverted facts resolved in her favor, and she is entitled to have the benefit of every inference that can reasonably be drawn from the evidence. Pupkes v. Wilson, 165 Neb. 852, 87 N. W. 2d 566. Where the facts adduced to sustain an issue are such that but one conclusion can be drawn when related to the applicable law, it is the duty of the court to decide the question as a matter of law and not submit it to a jury. * * * Kohl v. Unkel, 163 Neb. 257, 79 N. W. 2d 405." Crawford v. Soennichsen, 175 Neb. 87, 120 N. W. 2d 578 (1963).

In order to determine whether the District Court was correct in sustaining the defendant's motion, we must review the plaintiff's evidence and determine whether the defendant violated any duty owed to the plaintiff, for if there is no duty owed, there can be no negligence. "It is elementary that negligence and the duty to use care does not exist in the abstract, but must be measured against a particular set of facts and circumstances." Crawford v. Soennichsen, *supra*.

Initially, we point out that there can be no liability based upon the defendant's failure to shovel the snow from its sidewalks. See Mackey v. Midwest Supply Co., 186 Neb. 834, 186 N. W. 2d 916.

This case is similar to the situation in Jeffries v. Safeway Stores, Inc., 176 Neb. 347, 125 N. W. 2d 914 (1964). In that case the plaintiff fell on the floor of the defendant's store in Omaha and was injured. A product called Zorball which had been placed on the sidewalk in front of the defendant's store and which had been tracked into the store by customers and employees using the front door was blamed for the fall. A verdict and judgment were rendered for the plaintiff in the District Court. On appeal we reversed and ordered a dismissal. We stated: "It is established by the plaintiff's evidence that snow had fallen on the morning of the accident. Customers had frequented the store since it was opened at 8:30 a.m. It is evident that

customers, and possibly employees as well, had tracked snow, dirt, and Zorball near the entrance to the door. That this was a likely occurrence was known to all. For the purpose of this case we accept the statement of the plaintiff that she slipped on tracked-in Zorball and was injured. It is not negligence per se on the part of a storekeeper if customers track in snow, mud, moisture, or Zorball. To impose such a liability upon a storekeeper would require constant sweeping and mopping in bad weather behind each customer as he enters the store. It would in effect require the storekeeper to insure the safety of every customer who enters the store."

Deliverymen are generally held to be invitees. "Individuals who come upon premises for the purpose of making a delivery of merchandise or goods or for the purpose of picking up goods from the premises are generally held to be invitees." 62 Am. Jur. 2d, Premises Liability, § 110, p. 377. In Jeffries v. Safeway Stores, Inc., *supra,* we held: "The duty of a storekeeper to an invitee is to use reasonable care to keep the premises reasonably safe for the use of the invitee, but he is not an insurer against accident." In Crawford v. Soennichsen, *supra,* we noted: "Generally, the liability of an owner or occupant of the premises is predicated on proof of his superior knowledge, actual or constructive, of dangers to which invitee is subjected and of which invitee is unaware."

With these applicable principles in mind, we will review the evidence presented by the plaintiff.

The plaintiff does not allege in this case that the defendant *created* a dangerous situation to which he was subjected. The situation which caused the plaintiff's fall and injuries was created by the plaintiff himself, during the performance of his work, while on the defendant's premises. The water on the defendant's floor was formed by melting snow which the plaintiff had tracked in from outside. The plaintiff seeks to recover against the defendant on the ground that the defendant

failed to take actions to remedy the dangerous situation which he himself had created on the defendant's premises.

The defendant owed the plaintiff, an invitee, a duty to keep his premises reasonably safe for the plaintiff's use. Having reviewed the plaintiff's evidence, it is apparent, as a matter of law, that this duty was not violated. The plaintiff testified that there was no water on the defendant's floor when he arrived, either at the spot where he fell, or anyplace else. While the plaintiff testified that the floor in the office section of the building was highly waxed, there was no evidence concerning the condition of the floor in the warehouse portion of the building, other than it was linoleum. One of the defendant's employees also placed some matting at one of the exterior doors for the plaintiff to wipe his feet on.

There was no evidence which would indicate that the defendant had superior knowledge of the situation and that the plaintiff was unaware of it. Crawford v. Soennichsen, *supra*. While, conceivably, the plaintiff may have had his attention focused on the heavy sack he was carrying during each trip in, he had nothing to distract him from observing the water on the floor on the return trips which followed the same paths in reverse. There was no evidence to indicate that the water was on the floor for an unreasonable length of time. There was no water there when the plaintiff arrived, and the plaintiff's fall occurred before he had completed the unloading of the shipment. The plaintiff testified that he experienced no difficulty prior to the actual fall, and further testified that he had made between 5 and 10 trips through the north door before he fell. Nothing in the plaintiff's evidence could lead a reasonable man to conclude that the defendant's knowledge of the situation was superior to that of the plaintiff, or that the water on the floor was not open and obvious and that the plaintiff could reasonably have been unaware of this.

Beyond the defendant's duty to keep the premises reasonably safe for the plaintiff, a duty which was sat-

isfied, no additional duty was owed the plaintiff. The defendant is not an insurer of the safety of all those who come upon his premises. The defendant was under no duty to continually mop up behind the plaintiff during his presence on the premises. Jeffries v. Safeway Stores, Inc., *supra*. Nor was the defendant under a duty to line the entire length of the path which the plaintiff followed, while unloading the shipment in the warehouse portion of the building, with matting or carpeting. Since the defendant breached no duty in these respects, there is no merit to plaintiff's contention.

The District Court was correct in granting the defendant's motion.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.