DELORIS EDGERTON, APPELLANT, V. MARY K. LAWRY, APPELLEE.
453 N.W.2d 743

Filed April 20, 1990.   No. 88-941.

David L. Welch, of McCormack, Cooney, Mooney, Hillman & Elder, for appellant.

Lawrence E. Barrett, of Sodoro, Daly & Sodoro, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The district court affirmed the county court's dismissal of plaintiff-appellant Deloris Edgerton's petition, which alleges

that she sustained damage as the proximate result of defendant-appellee Mary K. Lawry's negligent driving. In support of this appeal, Edgerton asserts, in substance, that the district court erred in failing to rule that the county court erred on the record by failing to find that Lawry was negligent as a matter of law and failing to enter judgment in Edgerton's favor. We affirm.

The record is such that as the trier of fact, the county court could have found that between 7:30 and 8 o'clock on the morning of November 30, 1987, each of the parties was driving an automobile at between 20 and 25 miles per hour in an easterly direction on Gomez Avenue in Omaha, Nebraska. Although there had been a thaw and refreezing during the night and early morning hours, neither party had encountered any ice until approaching a point near the intersection of Gomez Avenue and 33d Street, an intersection at which eastbound traffic was controlled by a stop sign.

When Edgerton was 30 to 35 feet from the sign, she applied the brakes on her automobile in order to stop in response to the sign. As she did so, her automobile slid to the left into the curb of Gomez Avenue, making a quarter turn and coming to rest with its front wheel against the curb. Edgerton did not see the patch of ice on which her automobile slid until after the Lawry automobile struck the left rear door of the Edgerton vehicle.

Lawry had been traveling about a block behind Edgerton, but when Edgerton lost control of her automobile, Lawry was only two or three car lengths to the rear of the Edgerton automobile. By this time, Lawry had slowed her vehicle to between 15 to 20 miles per hour in preparation for stopping at the sign. She did not see the patch of ice on which Edgerton lost control of her automobile, but knew that something caused Edgerton's problem, and, thus, Lawry tapped the brakes and geared the manual transmission on her vehicle down to further slow her speed. Nonetheless, after traveling two or three car lengths, Lawry also lost control of her automobile and slid into the stopped Edgerton vehicle.

The applicable rules were recently summarized in *Burkey v. Royle*, 233 Neb. 549, 446 N.W.2d 720 (1989). We held therein that the defendant, who had been driving during a storm on a

street covered with snow and ice, was negligent as a matter of law when she failed to see the clump of ice or snow which caused her to lose control of her automobile and collide with the rear of a vehicle which had stopped in a line of traffic in response to a red traffic light. In reaching that holding, we reaffirmed that negligence generally arises as a matter of law if one operates a motor vehicle on a public street or highway and, on account of the manner of operation, is unable to stop her or his vehicle or turn it aside without colliding with an object or obstruction on the street or highway within the operator's range of vision. We also reasserted that an exception to or exoneration from the range of vision rule exists when a motorist, otherwise exercising reasonable care, does not see an object or obstruction sufficiently in advance to avoid colliding with it because it is similar in color to the road surface and is thus relatively indiscernible. We once again said that if the presence of ice or snow upon the road surface is known or should have reasonably been anticipated, the snow and ice are considered conditions rather than intervening causes and thus do not exonerate a motorist from the application of the range of vision rule. The question in this case therefore resolves itself into whether it can be said as a matter of law that Lawry should have anticipated the presence of the ice, on which her automobile slid, in time to have avoided colliding with Edgerton's automobile. We conclude it cannot be so said.

Unlike the situation in *Burkey*, there was in this case no ongoing storm nor were the streets covered with ice or snow, circumstances which should put any reasonable driver on notice of the prevailing dangerous conditions and on specific notice of the fact the streets were slippery. Although in this instance there had been a thawing and refreezing, neither driver had encountered any ice prior to reaching the site of the collision. Indeed, Edgerton testified that she had driven for 25 miles without encountering such a condition. The fact that Edgerton failed to see the icy patch on which she lost control of her vehicle until after the collision had taken place supports the county judge's implied factual finding that Lawry had no reason to apprehend the presence of a foreign substance on the road until she saw Edgerton's vehicle begin to slide and that by that time

there was nothing Lawry could do to maintain control of her automobile.

Accordingly, the district court correctly concluded that the record made in the county court demonstrated no error.

AFFIRMED.