DAVID L. KISSINGER, APPELLANT, V.
UNITED PARCEL SERVICE CO. ET AL., APPELLEES.
592 N.W.2d 169

Filed April 13, 1999.    No. A-97-1159.

Arthur R. Langvardt, of Langvardt & Valle, for appellant.

Thomas D. Wulff and Kevin L. Flynn, of Welch & Wulff, for appellees.

MUES, INBODY, and CARLSON, Judges.

MUES, Judge.

## INTRODUCTION

David L. Kissinger was a passenger in a vehicle that was struck from behind by a United Parcel Service Co. (UPS) truck being driven by Dan R. Hoselton. Following the close of the evidence at the jury trial, Kissinger moved for a directed verdict on the ground that Hoselton was negligent as a matter of law because he failed to maintain a proper lookout. The trial court denied the motion, and the jury returned a verdict in favor of the defendants. Kissinger filed a motion for judgment notwithstanding the verdict and for a new trial. Both motions were overruled, and Kissinger timely appeals.

## BACKGROUND

On September 2, 1994, Kissinger filed a lawsuit against UPS, United Parcel Service, Inc., United Parcel Service General Services Co., and Hoselton (collectively the defendants), seeking to recover for injuries allegedly incurred as a result of the motor vehicle accident. The petition alleged, inter alia, that on February 16, 1993, Kissinger was a passenger in a vehicle being driven by his son. Kissinger and his son were stopped at a stop sign when their vehicle was struck from behind by a UPS truck being driven by Hoselton. Kissinger claimed that as a direct and proximate result of the collision, he suffered injuries to his lower back. Kissinger claimed that Hoselton was negligent in failing to keep a proper lookout, in failing to keep his vehicle under reasonable control, and in failing to stop at a traffic control device.

A jury trial was held on June 30 and July 1 and 2, 1997. The evidence, as is relevant to this opinion, is as follows:

On February 16, 1993, Hoselton was driving a UPS "large brown package car" and was traveling east on Fourth Street in Hastings, Nebraska. Hoselton observed the Kissinger vehicle, also eastbound, stopped at a traffic control device when he was approximately three-quarters of a block away. When he was approximately half a block away, Hoselton applied his brakes and "started to slide on nothing but sheer ice." Hoselton was unable to stop and slid into the Kissinger vehicle. Hoselton estimated that he was traveling approximately 15 miles per hour when he began to apply his brakes.

The accident occurred at approximately 3 p.m. Hoselton started work at approximately 8:45 a.m. that day and, according to Hoselton, the roads were snow packed and icy "most everywhere." However, Hoselton testified that the intersection where the accident occurred was icier than the other roads he had encountered that day. Hoselton explained, "It was a very slick ice. Didn't have any snow on it. That area has always been that way because the Lincoln telephone building — Lincoln telephone at that time always shades that street, and the sun does not shine on it during the day."

At the close of the evidence, Kissinger moved for a directed verdict on the issue of liability. The trial court denied the motion. The jury returned a verdict in favor of the defendants. On July 14, 1997, Kissinger moved for judgment notwithstanding the verdict and for a new trial. The trial court overruled the motion on October 3, and Kissinger timely appeals.

## ASSIGNMENTS OF ERROR

Kissinger alleges the trial court erred in overruling his motion for directed verdict, his motion for judgment notwithstanding the verdict, and his motion for a new trial.

## STANDARD OF REVIEW

A directed verdict is proper at the close of all the evidence only where reasonable minds cannot differ and can draw but one conclusion from the evidence, that is to say, where an issue should be decided as a matter of law. *Haag v. Bongers*, 256 Neb. 170, 589 N.W.2d 318 (1999); *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999).

A motion for judgment notwithstanding the verdict may be granted when the movant's previous motion for directed verdict, made at the conclusion of all the evidence, should have been sustained. *Fiscel v. Beach*, 254 Neb. 678, 578 N.W.2d 52 (1998).

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Reiser v. Coburn*, 255 Neb. 655, 587 N.W.2d 336 (1998).

## DISCUSSION

[N]egligence generally arises as a matter of law if one operates a motor vehicle on a public street or highway and, on account of the manner of operation, is unable to stop her or his vehicle or turn it aside without colliding with an object or obstruction on the street or highway within the operator's range of vision. *Converse v. Morse*[, 232 Neb. 925, 442 N.W.2d 872 (1989)]; *Kasper v. Carlson*, 232 Neb. 170, 440 N.W.2d 195 (1989); *Prime Inc. v. Younglove Constr. Co.*[, 227 Neb. 423, 418 N.W.2d 539 (1988)]. The range of vision rule is applicable, notwithstanding that a motorist's vision is impaired by atmospheric or weather conditions, such as falling or blowing snow, rain, mist, or fog, *Mantz v. Continental Western Ins. Co.*[, 228 Neb. 447, 422 N.W.2d 797 (1988)], and *Prime Inc. v. Younglove Constr. Co., supra*, and notwithstanding that a motorist's ability to maneuver the vehicle is impaired by the presence of ice or snow upon the road surface. See, *Vrba v. Kelly*, 198 Neb. 723, 255 N.W.2d 269 (1977) . . . .

*Burkey v. Royle*, 233 Neb. 549, 555, 446 N.W.2d 720, 724-25 (1989). See, also, *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997).

■ If the presence of ice or snow upon the road surface is known or should have reasonably been anticipated, the snow and ice are considered conditions rather than intervening causes and thus do not exonerate a motorist from the application of the range of vision rule. *Burkey v. Royle, supra.*

Kissinger argues that an application of the range of vision rule compels a finding that Hoselton was negligent as a matter of law. The defendants contend that the trial court properly submitted the issue of negligence to the jury because, under the facts of this case, there were questions of fact as to whether the range of vision rule rendered Hoselton negligent as a matter of law.

In *Burkey v. Royle, supra*, a car driven by Royle rear-ended a car in which Burkey was a passenger. On the date of the accident, the roads were snow packed and very icy. The Burkey vehicle had stopped in the center lane to turn into a grocery store parking lot. Royle testified that she was also traveling in the center lane. When she observed the Burkey vehicle stop, she

did not think she would be able to stop in time, so she moved over into the right-hand lane. According to Royle, she was safely able to do this; however, she then hit something which caused the car to veer to the left, and she therefore struck the Burkey vehicle. Royle testified that she did not see the object that she hit but that she thought it was ice or a clump of snow.

The trial court refused Burkey's request to instruct the jury that Royle was negligent and that such negligence proximately caused the collision. The jury returned a verdict in favor of Royle. Burkey appealed. The Nebraska Supreme Court reversed the trial court's decision, noting that the range of vision rule applies "notwithstanding that a motorist's ability to maneuver the vehicle is impaired by the presence of ice or snow upon the road surface." *Id.* at 555, 446 N.W.2d at 724. In rejecting Royle's apparent argument that the presence of the snow and ice which Royle encountered excused her from being aware of the conditions and circumstances under which she was driving, the Supreme Court affirmed the following rule:

> Therefore, the question resolves itself into whether Royle operated her vehicle in such a manner that she was unable to stop it or turn it aside without colliding with the Burkey automobile, an object on the street within her range of vision, and thus was negligent as a matter of law notwithstanding that her ability to control her vehicle may have been impaired by the presence of ice or snow on the street.
>
> We have said that if the presence of ice or snow upon the road surface is known or should have reasonably been anticipated, the snow and ice are considered conditions rather than intervening causes and thus do not exonerate a motorist from the application of the range of vision rule.

*Id.* at 556, 446 N.W.2d at 725.

In *Edgerton v. Lawry*, 235 Neb. 100, 453 N.W.2d 743 (1990), the Nebraska Supreme Court found that the range of vision rule did not require a finding of the defendant's negligence as a matter of law. There, both Edgerton and Lawry were traveling in the same direction and approaching a stop sign. Edgerton applied her brakes, and as she did so, she hit a patch of ice and her vehicle slid to the left into a curb. Lawry, traveling behind Edgerton,

apparently saw Edgerton's "problem" and, although she had already slowed in anticipation of stopping at the sign, tapped her brakes and geared down the manual transmission on her vehicle to further slow her speed. Lawry was unable to control her vehicle and after traveling two or three car lengths, slid into Edgerton's vehicle, which was stopped.

At trial, Edgerton and Lawry both testified that they had not seen the patch of ice that caused them to slide. Neither Edgerton nor Lawry had encountered any other ice that morning. In fact, Lawry testified that she had driven approximately 25 miles that morning and had not encountered any other ice. The county court dismissed Edgerton's petition, and the district court affirmed.

On appeal to the Nebraska Supreme Court, Edgerton argued that the district court erred in failing to find that Lawry was guilty of negligence as a matter of law and in failing to enter judgment in Edgerton's favor. The Supreme Court affirmed the district court's affirmance, observing:

> Unlike the situation in *Burkey*, there was in this case no ongoing storm nor were the streets covered with ice or snow, circumstances which should put any reasonable driver on notice of the prevailing dangerous conditions and on specific notice of the fact the streets were slippery. . . . The fact that Edgerton failed to see the icy patch on which she lost control of her vehicle until after the collision had taken place supports the county judge's implied finding that Lawry had no reason to apprehend the presence of a foreign substance on the road until she saw Edgerton's vehicle begin to slide and that by that time there was nothing Lawry could do to maintain control of her automobile.

*Id.* at 102-03, 453 N.W.2d 745.

In the present case, the defendants argue that the situation here is more akin to that in *Edgerton* rather than that in *Burkey v. Royle*, 233 Neb. 549, 446 N.W.2d 720 (1989). Specifically, they argue that

> the intersection of Fourth Street and St. Joseph Avenue was covered with "sheer" or "glare" ice and Hoselton had not encountered anything like these particular conditions

at any time earlier in the day. Simply put, he was unaware of the "sheer" or "glare" ice until after his vehicle had already started its uncontrolled slide.

Brief for appellees at 11. Thus, the defendants argue, the facts of the present case are analogous to *Edgerton, supra.*

The Nebraska Supreme Court addressed a similar contention in *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997). There, Roth was following Martin's vehicle. Martin's vehicle stopped, and Roth applied his brakes, but because of the presence of gravel on the road surface, Roth was unable to stop and his vehicle collided with Martin's. The trial court refused to direct a verdict on the issue of liability. After a jury found in favor of Roth, Martin appealed.

On appeal to the Supreme Court, Roth first contended that his situation was analogous to that presented in *Edgerton v. Lawry*, 235 Neb. 100, 453 N.W.2d 743 (1990), because he had not encountered any gravel prior to the intersection at the site of the collision. The Supreme Court noted that Roth was aware that the city of Omaha routinely used gravel on the roads during times of inclement weather. Roth had testified that there had been snow and ice 2 days before the accident. The Supreme Court rejected Roth's argument that in order to be guilty as a matter of law, he must be placed on specific notice that there was gravel at the intersection. The Supreme Court held that "the test is whether Roth knew or should have known that gravel *could be* on the streets of Omaha, thereby altering driving conditions on the day of the collision." (Emphasis supplied.) *Id.* at 975, 568 N.W.2d at 557.

Roth next argued that because of the unusual amount of gravel on the road surface, liability could not be determined as a matter of law. The Supreme Court also rejected this argument, observing:

[W]e can discern no reason to make application of the range of vision rule dependent upon the amount of gravel Roth opines he encountered. Just as the depth of snow or ice is irrelevant for purposes of applying the rule, so, too, is the amount or depth of gravel. Indeed, as the amount of gravel present increases, so, too, should the driver's awareness of that condition.

*Id.* at 975-76, 568 N.W.2d at 557.

Just as the amount of gravel did not render inapplicable the range of vision rule in *Martin v. Roth, supra*, so too the fact that the ice Hoselton encountered was "slicker" than that encountered on other streets does not render it inapplicable here. Hoselton testified that he was aware that the roads were snow packed and icy that day. Thus, he knew or should have known that the roads would be slick and might have "glare" or "sheer" ice. There is nothing in the evidence which excuses Hoselton from being aware of the conditions and circumstances under which he was driving.

Unlike the situation in *Edgerton v. Lawry, supra*, the facts of this case disclose circumstances that would put any reasonable driver on notice of the prevailing dangerous conditions and on specific notice, whether such notice is required or not under *Martin v. Roth, supra*, that the streets were slippery. Under these circumstances, Hoselton should have reasonably anticipated the glare ice of which he testified. Like *Burkey*, Hoselton met with a *condition* rather than an intervening cause that might exonerate him from application of the range of vision rule. See *Burkey v. Royle*, 233 Neb. 549, 446 N.W.2d 720 (1989). Accordingly, the trial court erred in failing to direct a verdict as to the issue of liability.

We note that the defendants' brief cites to an "indiscernible object exception," brief for appellees at 8, one of two recognized exceptions to the range of vision rule in this state. At oral arguments, it was clarified that Kissinger did not contend that this exception was applicable in the instant case. *Martin v. Roth*, 252 Neb. 969, 568 N.W.2d 553 (1997), *Burkey v. Royle, supra*, and *Edgerton v. Lawry*, 235 Neb. 100, 453 N.W.2d 743 (1990), all allude to this exception in their discussion of this general issue. *Martin v. Roth*, 252 Neb. at 973, 568 N.W.2d at 556, states, "An exception to [the range of vision] rule exists when a motorist, otherwise exercising reasonable care, does not see an object or obstruction sufficiently in advance to avoid colliding with it because it is similar in color to the road surface and relatively indiscernible." Accord, *Edgerton v. Lawry, supra*; *Burkey v. Royle, supra.*

In our view, neither *Burkey* nor *Edgerton* rely on this exception in reaching the results in those cases; rather, both decisions focus on the road conditions as being either known or reasonably anticipated and thus a condition not exonerating the motorist from the range of vision rule, *Burkey v. Royle, supra,* or not known or reasonably anticipated and thus relieving the motorist from application of the rule, *Edgerton v. Lawry, supra.*

And, while *Martin v. Roth, supra,* contains a subheading entitled "Indiscernible Object Exception," a careful reading of the opinion discloses that in reality, there is no suggestion in that section of the opinion that Roth collided with an object "similar in color to the road surface and relatively indiscernible." Rather, as was the situation in *Burkey* and *Edgerton* and as is the situation in the case before us, the issue being discussed in *Martin* was the condition of the road surface and Roth's knowledge of it. The *Martin* majority specifically found that the indiscernible object exception had no applicability to the facts of that case. In sum, we agree that the indiscernible object exception to the range of vision rule has no applicability to the facts of this case.

## CONCLUSION

The presence of ice on the road did not exonerate Hoselton from the range of vision rule. Hoselton knew the roads were icy and snow packed on the day of the accident, yet he failed to operate his vehicle in such a manner as to be able to stop or turn aside without colliding with the Kissinger vehicle. The trial court erred in failing to direct a verdict on the issue of liability. Accordingly, the matter is reversed and the cause remanded for a new trial on the issue of damages.

REVERSED AND REMANDED FOR A NEW TRIAL
ON THE ISSUE OF DAMAGES.